**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**NOTE CAPITAL GROUP VENTURES, LLC,**

Plaintiff,

vs. **CASE NO:**

**WAYNE P. MASSON; CHARLES J. LICIS;** together with any, heirs, devisees, grantees, assignees, creditors, lienors, or trustees of said defendant(s), and all other persons claiming by, through, under or against defendants; **PNC FINANCIAL SERVICES GROUP, INC.**; and, **ANY UNKNOWN TENANT IN POSSESSION**;

Defendants.
_______________________________________/

## COMPLAINT

Plaintiff, Note Capital Group Ventures, LLC, ("NCGV") by and through its undersigned attorneys, sues Defendants, Wayne P. Masson and Charles J. Licis (collectively, "Borrowers"); together with any heirs, devisees, grantees, assignees, creditors, lienors, or trustees of said defendant(s), and all other persons claiming by, through, under or against defendants; PNC Financial Services Group, Inc. ("Bank"); and Any Unknown Tenant in Possession ("Tenant"), and states:

## NATURE OF CLAIM

1. This is an action in to: (a) seek recovery under a certain promissory note; and (b) foreclose a certain mortgage on real property located in Monroe County, Florida.

## PARTIES, JURISDICTION AND VENUE

2. NCGV is a limited liability company organized and incorporated under the laws of the State of California, with its principal place of business in California. For purposes of diversity, and pursuant to 28 U.S.C. §1332, NCGV and all its members are citizens of the State of California.

3. Wayne P. Masson ("Masson") is a sui juris resident of Florida, a *sui juris* resident of the State of Florida, over eighteen (18) years of age, the maker of the debt which is the subject of this lawsuit;

and, upon information and belief, resides in Monroe County, Florida. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Masson is a citizen of the State of Florida.

4. Charles J. Licis ("Licis") is, and at all times material hereto was, a *sui juris* resident of the State of Florida, over eighteen (18) years of age, the maker of the debt which is the subject of this lawsuit; and, upon information and belief, resides in Monroe County, Florida. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Licis is a citizen of the State of Florida.

5. Bank is a corporation organized and incorporated under the laws of the State of Pennsylvania and is the current holder of that certain mortgage recorded in Official Records Book 2108, Page 725 of the Public Records of Monroe County, Florida. Bank is the successor-in-interest to National City Bank and acquired all assets of National City Bank in 2008. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Bank is a citizen of the State of Pennsylvania.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because the Plaintiff is diverse from all of the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the real property at issue is located in Monroe County, Florida, and the case concerns actions and omissions that took place in Monroe County, Florida.

8. The Court has general personal jurisdiction over the Borrowers because they are residents of the State of Florida, and the Court further has specific personal jurisdiction over the Borrowers due to the fact that this case arises directly out of the transactions and occurrences that the Borrowers engaged in while in Monroe County, Florida.

9. The Court has general personal jurisdiction over Bank because Bank regularly and continuously transacts business in the State of Florida to the extent that Bank could fully anticipate being hauled into court in the State of Florida to litigate any matter, and further the Court has specific personal

jurisdiction over Bank in this case due to the fact that this case arises directly out of the transactions and occurrences that Bank engaged in while in Monroe County, Florida.

10. Tenant may represent an unknown tenant of the real property located in Monroe County, Florida.

11. The Court has general personal jurisdiction over Tenant because is a resident of the State of Florida. Alternatively, the Court has specific personal jurisdiction over Tenant due to the fact that this case arises directly out of the transactions and occurrences that the Tenant engaged in in Monroe County, Florida.

12. All conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused.

## GENERAL ALLEGATIONS

13. On April 15, 2005, Borrowers made, executed, and delivered to Wachovia Mortgage Corporation ("Lender") a promissory note ("Note") in the principal amount of Six Hundred Seventy Thousand and 00/100 dollars ($670,000.00). A true and accurate copy of the Note is attached hereto as **Exhibit "A"**, and the terms and conditions thereof are incorporated herein by reference.

14. Concurrent with the execution and delivery of the Note, and to secure payment and performance of obligations under the Note, on April 15, 2005, Borrowers executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Lender a mortgage ("Mortgage"). The Mortgage pledged the security of the Property more particularly described therein, which is owned by Borrower.

15. The Mortgage, a true and accurate copy of which is attached hereto as **Exhibit "B"**, was recorded April 19, 2005, in Official Records Book 2105, Page 1474 of the Public Records of Monroe County, Florida.

16. Lender endorsed the Note to Wachovia Bank, N.A., and Wachovia Bank, N.A. then transferred the Note via a blank indorsement to Newbury Place REO III, LLC.

17. Newbury Place REO III, LLC then transferred the blankly indorsed Note to Newbury Place Ventures III, LLC, and Newbury Place Ventures III, LLC then transferred the blankly indorsed Note to Goshen Mortgage LLC. Goshen Mortgage LLC then transferred the blankly indorsed Note to NCGV.

18. As a result of the forgoing transfers, NCGV owns and holds the Note and Mortgage. Further, as the owner of the Note and the Mortgage, and pursuant to §673.3091, *Fla. Stat,* NCGV is entitled to enforce the Note and the Mortgage.

19. Borrowers came into possession of this Property by virtue of that certain Warranty Deed dated April 15, 2005, and recorded in Official Records Book 2105, Page 1472 of the Public Records of Monroe County, Florida. Upon information and belief, Borrowers remain in possession of the Property.

20. Borrowers defaulted under the terms of the Note and Mortgage by failing to pay the monthly installment payment due January 1, 2013, and all subsequent monthly installments, as required under the terms of the Note and Mortgage, when due and after demand.

21. Borrowers were notified of the foregoing default and have not paid any sums owing NCGV. A true and correct copy of the notification is attached hereto as **Exhibit "C"**. By the express terms of the Note and Mortgage, Borrowers remain in default and NCGV has elected to accelerate the terms of the Note and Mortgage.

22. Borrowers owe NCGV: (a) $659,029.22 that is due on principal on the Note, plus accrued and unpaid interest, and late fees thereon; (b) all costs and expenses incurred by NCGV in collecting the amounts due to it under the Note, and in protecting its security in the property encumbered by the Mortgage; and, (c) various other amounts that are or may become due under the terms of the Note and Mortgage.

23. By reason of the aforementioned default, NCGV has: (a) been required to secure the services of the undersigned attorneys to endeavor to collect the sums due under the Note and Mortgage and to bring this action, and has agreed to pay those attorneys a reasonable fee for their services and to

reimburse them for the costs they incur in connection therewith; and, (b) incurred or will incur expenses for title information, judgment lien searches, and federal tax lien searches in connection with this action. All fees, costs and expenses so paid or incurred constitute additional indebtedness of Borrower to NCGV, the payment of which is secured by the Mortgage.

**COUNT I**
**ACTION ON PROMISSORY NOTE**

Plaintiff, NCVG, sues Borrowers and alleges:

24. NCGV re-avers the allegations contained in Paragraphs 1 through 23, *supra,* as if fully set forth herein.

25. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

26. Borrowers defaulted under the terms of the Note by failing to pay the monthly installment payment due December 1, 2012, and all subsequent monthly installment payments as required, when due and after demand.

27. Despite the foregoing and written demand, Borrowers have failed to pay any of the outstanding indebtedness to NCGV.

28. As a result of the breach by Borrowers, NCGV has been damaged.

WHEREFORE, Plaintiff, Note Capital Group Ventures, LLC, respectfully requests a judgment against Defendants Wayne P. Masson and Charles J. Licis, for all sums due to Plaintiff under the Note, including, but not limited to, interest, attorney's fees, and costs, and for such other and further relief as the Court may deem appropriate.

**COUNT II**
**ACTION TO FORECLOSE MORTGAGE**

Plaintiff, NCGV, sues Borrowers; Bank; and Tenant; and alleges:

29. NCGV re-avers the allegations contained in Paragraphs 1 through 23, *supra,* as if fully set forth herein.

30. This is an action to foreclose a mortgage on real property located in Monroe County, Florida. The mortgage being foreclosed is more particularly described in Exhibit "B."

31. The property at issue is currently owned by Borrowers.

32. As a result of a default on the Note by Borrowers, the Mortgage is in default.

33. Bank may claim some right, title, or interest in Property by virtue of that certain mortgage recorded in Official Records Book 2108, Page 725 of the Public Records of Monroe County, Florida. Any such claim is junior and inferior to the Mortgage of NCGV.

34. Tenant, whose real name is unknown, may have a claim or demand to the subject property by virtue of possession, whether by tenancy from Borrower, or mere possession only; but any such claim is junior and inferior to the Mortgage of NCGV.

35. Unknown parties claiming by, through, under and against the above-named Defendants who are not known to be dead or alive, whether said unknown parties may claim an interest as spouse, heirs, devisees, grantees, or other claimants of Borrower may be in possession of the subject property and may claim some right, title or interest in the subject property by virtue thereof. Any such claim is junior and inferior to the Mortgage of NCGV.

36. NCGV states that its lien is superior to any right, title or interest of any unknown spouses, heirs, devisees, grantees, creditors or other legal entities of any such person or entity's estate, their successors and assigns, and other unknown persons or entities claiming by, through and under any of the Defendants.

WHEREFORE, Plaintiff, Note Capital Group Ventures, LLC, respectfully requests this Court take jurisdiction of this action and the parties hereto; enter a judgment determining NCGV's priority position in the subject property; make an accounting of the sums due to NCGV under the Note and Mortgage, including all amounts that have been or may be advanced or incurred by NCGV in collecting the sums due to it under the Note and Mortgage, including, but not limited to, court costs and reasonable attorney's fees; order that if the sums are not paid within the time specified by the Court, that the subject

property be sold and the proceeds of such sale be applied toward satisfaction of NCGV's claims; and that the estate and all right, title and interest of each Defendant and Unknown Tenant, and all persons claiming by, through, under or against each party since the filing of the Notice of Lis Pendens herein, be forever barred and foreclosed; and, retain jurisdiction of this cause and parties hereto to grant such other and further relief as is just and equitable under the circumstances.

Dated this 12 day of December, 2017.

CAMERON H.P. WHITE
Florida Bar No.: 0021343
cwhite@southmilhausen.com
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, Florida 32801
Telephone: (407) 539-1638
Facsimile: (407) 539-2679
*Attorneys for Plaintiff*