**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**NOTE CAPITAL GROUP VENTURES, LLC**,

Plaintiff,

**CASE NO: 4:17-CV-10093-JEM**

vs.

**WAYNE P. MASSON;** et al;

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT**

Plaintiff, Note Capital Group Ventures, LLC, ("NCGV") by and through its undersigned attorneys, hereby moves the Court pursuant to Fed. R. Civ. P. 56, for the entry of a final summary judgment against the Defendants, Wayne P. Masson and Charles J. Licis (collectively, "Borrowers"); together with any heirs, devisees, grantees, assignees, creditors, lienors, or trustees of said defendant(s), and all other persons claiming by, through, under or against defendants; PNC Financial Services Group, Inc. ("Bank"); and Any Unknown Tenant in Possession ("Tenant"), and as grounds therefore states as follows:

## I. Facts and Procedural History

1. This is an action: (a) seeking recovery under a certain promissory note; and (b) foreclosure upon a certain mortgage on real property located in Monroe County, Florida.

2. NCGV is a limited liability company organized and incorporated under the laws of the State of California, with its principal place of business in California. For purposes of diversity, and pursuant to 28 U.S.C. §1332, NCGV and all its members are citizens of the State of California.

3. Wayne P. Masson ("Masson") is a *sui juris* resident of the State of Florida, over eighteen (18) years of age, the maker of the debt which is the subject of this lawsuit; and, upon information and belief, resides in Monroe County, Florida. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Masson is a citizen of the State of Florida.

4. Charles J. Licis ("Licis") is, and at all times material hereto was, a *sui juris* resident of the State of Florida, over eighteen (18) years of age, the maker of the debt which is the subject of this lawsuit; and, upon information and belief, resides in Monroe County, Florida. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Licis is a citizen of the State of Florida.

5. Bank is a corporation organized and incorporated under the laws of the State of Pennsylvania and is the current holder of that certain mortgage recorded in Official Records Book 2108, Page 725 of the Public Records of Monroe County, Florida. Bank is the successor-in-interest to National City Bank and acquired all assets of National City Bank in 2008. For purposes of diversity, and pursuant to 28 U.S.C. §1332, Bank is a citizen of the State of Pennsylvania.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because the Plaintiff is diverse from all of the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the real property at issue is located in Monroe County, Florida, and the case concerns actions and omissions that took place in Monroe County, Florida.

8. The Court has general personal jurisdiction over the Borrowers because they are residents of the State of Florida, and the Court further has specific personal jurisdiction over the Borrowers due to the fact that this case arises directly out of the transactions and occurrences that the Borrowers engaged in while in Monroe County, Florida.

9. The Court has general personal jurisdiction over Bank because Bank regularly and continuously transacts business in the State of Florida to the extent that Bank could fully anticipate being hauled into court in the State of Florida to litigate any matter, and further the Court has specific personal jurisdiction over Bank in this case due to the fact that this case arises directly out of the transactions and occurrences that Bank engaged in while in Monroe County, Florida.

10. Tenant may represent an unknown tenant of the real property located in Monroe County, Florida.

11. The Court has general personal jurisdiction over Tenant because is a resident of the State of Florida. Alternatively, the Court has specific personal jurisdiction over Tenant due to the fact that this case arises directly out of the transactions and occurrences that the Tenant engaged in in Monroe County, Florida.

12. All conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused.

13. On April 15, 2005, Borrowers made, executed, and delivered to Wachovia Mortgage Corporation ("Lender") a promissory note ("Note") in the principal amount of Six Hundred Seventy Thousand and 00/100 dollars ($670,000.00). A true and accurate copy of the Note is attached hereto as **Exhibit "A"**, and the terms and conditions thereof are incorporated herein by reference and the original will be filed with the Court at or before a hearing on this motion.

14. The Court should note that Exhibit A is different from the copy of the Note that was attached to the Complaint in this case. Exhibit A to this motion is the correct version of the Note. The copy attached to the Complaint is an older version of the Note and was attached by

clerical error. An affidavit of the Plaintiff's Counsel attesting to the error is attached hereto as **Exhibit "B"**.

15. The Plaintiff has been in possession of the Original Note and Mortgage containing a blank endorsement and making the Note bearer paper since prior to the time this lawsuit was filed. An Affidavit of Ownership from the Plaintiff attesting to these facts in attached hereto as **Exhibit "C"**.

16. Concurrent with the execution and delivery of the Note, and to secure payment and performance of obligations under the Note, on April 15, 2005, Borrowers executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Lender a mortgage ("Mortgage"). The Mortgage pledged the security of the Property more particularly described therein, which is owned by Borrower.

17. The Mortgage, a true and accurate copy of which is attached hereto as **Exhibit "D"**, was recorded April 19, 2005, in Official Records Book 2105, Page 1474 of the Public Records of Monroe County, Florida.

18. Lender endorsed the Note to Wachovia Bank, N.A., and Wachovia Bank, N.A. placed a blank endorsement upon the Note.

19. Upon information and belief, and as the attached announcement from Wells Fargo Bank, N.A. states, Wells Fargo Bank, N.A. acquired Wachovia Bank, N.A. It is believed Wells Fargo Bank, N.A. placed a "Canceled" stamp on the blank endorsement by Wachovia Bank, N.A., and Wells Fargo placed its own blank indorsement upon the Note. A copy of the announcement is attached hereto as **Exhibit "E"**.

20. Wells Fargo then transferred the blankly endorsed Note to Newbury Place REO III, LLC.

21. Newbury Place REO III, LLC then transferred the blankly indorsed Note to Newbury Place Ventures III, LLC, and Newbury Place Ventures III, LLC then transferred the blankly indorsed Note to Goshen Mortgage LLC. Goshen Mortgage LLC then transferred the blankly indorsed Note to NCGV.

22. As a result of the forgoing transfers, NCGV owns and holds the Note and Mortgage. Further, as the owner of the Note and the Mortgage, and pursuant to §673.3091, *Fla. Stat*, and Article 3 of the Uniform Commercial Code, NCGV is entitled to enforce the Note and the Mortgage.

23. Borrowers came into possession of this Property by virtue of that certain Warranty Deed dated April 15, 2005, and recorded in Official Records Book 2105, Page 1472 of the Public Records of Monroe County, Florida. Upon information and belief, Borrowers remain in possession of the Property.

24. Borrowers defaulted under the terms of the Note and Mortgage by failing to pay the monthly installment payment due January 1, 2013, and all subsequent monthly installments, as required under the terms of the Note and Mortgage, when due and after demand.

25. Borrowers were notified of the foregoing default and have not paid any sums owing NCGV. A true and correct copy of the notification is attached hereto as **Exhibit "F"**. By the express terms of the Note and Mortgage, Borrowers remain in default and NCGV has elected to accelerate the terms of the Note and Mortgage.

26. Borrowers owe NCGV: (a) $659,029.22 that is due on principal on the Note, plus accrued and unpaid interest, and late fees thereon; (b) all costs and expenses incurred by NCGV in collecting the amounts due to it under the Note, and in protecting its security in the property encumbered by the Mortgage; and, (c) various other amounts that are or may become due under

the terms of the Note and Mortgage. An Affidavit of Indebtedness attesting to these amounts is attached hereto as **Exhibit "G"**.

27. By reason of the aforementioned default, NCGV has: (a) been required to secure the services of the undersigned attorneys to endeavor to collect the sums due under the Note and Mortgage and to bring this action, and has agreed to pay those attorneys a reasonable fee for their services and to reimburse them for the costs they incur in connection therewith; and, (b) incurred or will incur expenses for title information, judgment lien searches, and federal tax lien searches in connection with this action. All fees, costs and expenses so paid or incurred constitute additional indebtedness of Borrower to NCGV, the payment of which is secured by the Mortgage.

## II. <u>Legal Standard for Summary Judgment</u>

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the evidence before the court shows that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). In making this determination, the court must view all of the evidence and draw all reasonable inferences in the light most favorable of the non-moving party. *See id*. However, the mere existence of some factual dispute will not defeat summary judgment. *See id*. The factual dispute must be material to an issue affecting the outcome of the case, and the dispute must be genuine – meaning that there must be sufficient evidence favoring the nonmoving party such that a reasonable jury to return a verdict in the non-moving party's favor. *See id*.

## III. <u>Argument</u>

The Borrowers are the only ones who have responded to the Complaint. Their Answer and Affirmative Defenses admits they executed the Note and Mortgage and that they are the current

owners of the subject property. [Doc. 15 -- #13-19]. The Borrowers' entered a general denial as to the allegation that they defaulted, but they have failed to raise payment as a defense. [See id. at #20, Aff. Def.]. Thus, their basis for denying the default is the six affirmative defenses that they have raised. But as will be addressed below, none of these defenses is legally or factually valid.

### 1. *First Affirmative Defense – Lack of Standing*

The Borrowers first contend that the Plaintiff lacks standing to enforce the Note and Mortgage. The basis of that argument is that a series of written mortgage assignments exist that do not demonstrate a clear chain of title.

But the fatal flaw in the Defendants' claim is that it is a well-known rule that when the note constitutes bearer paper, or when it is specifically indorsed to the plaintiff, the mortgage follows the debt, *regardless of any recorded assignments of mortgage*. *See Rincon v. Bank of Am., N.A.*, 2016 Fla. App. LEXIS 16673, *1-6 (Fla. 3d DCA Nov. 9, 2016) (emphasis added). As a result, what is critical is to establish that the Plaintiff is the current holder of a blankly indorsed or specifically indorsed note.

In this case, the Plaintiff is demonstrating its standing by producing the original Note and Mortgage, along with an unrebutted Affidavit of Ownership showing that the Plaintiff was in possession of the blankly indorsed Note prior to the filing of this lawsuit. *See U.S. Bank N.A. v. Clarke*, 192 So. 3d 620, 622 (Fla. 4th DCA 2016).

The Plaintiff is clearly the holder of the Note – otherwise it could not produce the originals. And while the Defendants continue to claim that the Plaintiff is not the owner of the Note, that argument has no bearing on the issue of standing.

As Florida's Third District Court of Appeals recently explained, because a foreclosure case is an action to enforce a negotiable instrument, standing in a foreclosure case is not based upon ownership of the note. *See HSBC Bank USA, N.A. v. Buset*, 2018 Fla. App. LEXIS 1660, *9-14 (Fla. 3d DCA Feb. 7, 2018). Instead, it is based on whether the plaintiff is a "person entitled to enforce" the Note. *See id*.

The term "person entitled to enforce" is a technical, defined term in all versions of the Uniform Commercial Code, including Florida's, and an entity may qualify as a "person entitled to enforce" Note by being "the holder of the instrument." *See id.* Thus, while proof of ownership, such as a chain of title, may be relevant to a dispute where a person claims his or her ownership interest trumps the interest of the holder, it is not an argument the borrower can raise on his own because the borrower has no standing to assert an ownership argument on behalf of some third-party who is not joined to the action when the plaintiff has established itself as the holder. *See id*.

As a result, a "plaintiff who asserts standing based on its status as a holder of the note *does not have to prove ownership*, [and] a plaintiff does not normally have to establish a 'chain of indorsements' or a 'chain of title.'" *See id*. (citing *Summerlin Asset Mgmt. v Tr. v. Jackson*, No. 9:14-CV-81302, 2015 U.S. Dist. LEXIS 86445, 2015 WL 4065372, at *2 (S.D. Fla. July 2, 2015) ("Although Plaintiff has set forth a valid chain of assignments, the negotiation of the blank-indorsed note by transfer of possession *alone* makes Plaintiff the 'holder' of the note entitled to enforce it.")).

In this case, the Plaintiff asserted itself as the owner and holder of the Note. The Defendants want to dispute ownership based upon the chain of assignments, but they have no standing to do so, and in any event, their contention is irrelevant because the Plaintiff has proven its status as the holder of a blankly indorsed Note. The Plaintiff has no legal obligation to prove a

chain of title under these circumstances. Thus, the standing claim is a legal nullity and is not a bar to summary judgment.

*2. <u>Second Affirmative Defense – Failure to Meet Conditions Precedent</u>*

The second defense claims the failure to meet a condition precedent, namely that the Plaintiff did not provide a verification of debt. To begin with, this is factually incorrect. The Plaintiff did provide verification of the debt. A true and correct copy of the validation is attached hereto as **Exhibit "H"**.

Secondly, even if the verification was not given, it does not constitute a condition precedent to foreclosure. *See Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 813-18 (Fla. 4th DCA 2016); *Deutsche Bank Nat'l Trust Co. v. Hagstrom*, 203 So. 3d 918, 921-22 (Fla. 2d DCA 2016).

*3. <u>Third Affirmative Defense – Unclean Hands</u>*

The third defense claims that the Plaintiff has unclean hands. But the only basis asserted is that the Plaintiff attached a copy of the Note having two endorsements when the Plaintiff had previously filed a copy of the Note containing three indorsements in a prior case. But the Plaintiff has provided an affidavit of its counsel explaining that this was a clerical error because an older version of the Note was attached to the Complaint by mistake. [See Ex. B].

Attempting to make a mountain out of a molehill, the Defendants are claiming that the Plaintiff is committing some kind of fraud. But they fail to plead a single fact pled that would support such a conclusion.

The doctrine of unclean hands is an equitable defense that is akin to fraud, and its purpose is to discourage unlawful activity. *Cong. Park Office II, LLC v. First-Citizens Bank & Trust Co.*,

2013 Fla. App. LEXIS 577, 14-15 (Fla. Dist. Ct. App. 4th Dist. Jan. 16, 2013) (citing *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992)). "It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief[.]" *Id.* (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)).

As the Fourth District Court of Appeal has noted: "This court has equated 'sneaky and deceitful' with 'unclean hands' . . . . [and] equity will stay its hand where a party is guilty of conduct condemned by honest and reasonable men. *Id*. Thus, there must be unscrupulous practices, overreaching, concealment, trickery or other unconscientous conduct for the doctrine of unclean hands to bar relief. *Id*. (citing 22 Fla.Jur.2d, Equity, § 50; *Hensel v. Aurilio*, 417 So. 2d 1035, 1038 (Fla. 4th DCA 1982)).

And as Judge Posner has explained:

> Today, "unclean hands" really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to. . . . An obviously sensible application of this principle is to withhold an equitable remedy that would encourage, or reward (and thereby encourage), illegal activity, as where the injunction would aid in consummating a crime . . . .

*Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985).

Thus, the defense essentially requires a showing of some type of fraud or illegality. Simply claiming that the opposing party did something offensive is insufficient. In fact, in the *Congress Park* case cited above, the Defendants alleged unclean hands against the bank in a foreclosure proceeding by contending that the bank had "intentional[ly] fail[ed] to comply with material terms of the mortgage and note in terms of notice of default and intent to accelerate." *Cong. Park Office II, LLC*, 2013 Fla. App. LEXIS 577 at 16-17.

Here, the Defendants do not allege any facts that would show how the Plaintiff is trying to commit fraud, or how such a fraud would even be possible when copies of the correct Note are already part of public record. This was a clerical error in the filing by the Plaintiff's counsel and nothing more. There is no merit to the unclean hands defense.

4. *Fourth Affirmative Defense – Failure to Join an Indispensable Party*

The fourth defense is simply a reclothing of the first defense. It claims that, based on the assignments of mortgage, the Plaintiff is not the holder of the Note, and therefore the Plaintiff has failed to join an indispensable party. Of course, the Defendants utterly fail to identify who the indispensable party is that needs to be joined in this action. And that is because there is no such party.

As explained *supra* in relation to the first affirmative defense, the Plaintiff has the original Note in its possession, and has provided an Affidavit of Ownership showing that it has had such possession since before this lawsuit was filed. The Plaintiff is not required to establish anything further, and there is no indispensable party that needs to be joined. This defense is factually baseless.

5. *Fifth Affirmative Defense – Failure to Provide Notice of the Assignment of Debt*

The fifth defense claims that the Plaintiff failed to give notice of the assignment of the debt pursuant to Fla. Stat. §559.715. This is factually incorrect – but more importantly, it is wholly irrelevant to the foreclosure proceeding. Compliance with Chapter 559 is not a condition precedent to foreclosure, and thus the defense fails as a matter of law. *See Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 813-18 (Fla. 4th DCA 2016); *Deutsche Bank Nat'l Trust Co. v. Hagstrom*, 203 So. 3d 918, 921-22 (Fla. 2d DCA 2016).

The Court addressed this exact issue in *Brindise v. U.S. Bank National Association, as Trustee, etc.*, 183 So.3d 1215, 1221 (Fla. 2nd DCA 2016) specifically holding that "written notice under section 559.715" does not constitute "a condition precedent to the institution of the foreclosure suit." The Second District in *Brindise* analyzed the Florida statutory scheme, related federal legislation and case law construing both. The Court also relied upon the freedom to contract, observing that in the loan documents in the record, borrowers had "agreed to a notice method independent of section 559.715." *Id.* The Court considered the mortgage's default notice and acceleration clauses, concluding that they overrode the requirements of statute: "As a matter of contract, section 559.715 is inapplicable. We also find it significant that the Brindises contractually agreed with their lender on the procedure by which they would receive notice of any default and the manner in which the lender could accelerate all payments due." *Id.*

The *Brindise* Court quoted from both Paragraph 20 of the mortgage, governing sale of Note and change in servicer, and extensively from Paragraph 22, concerning acceleration and lender remedies. The Borrowers' mortgage, attached to the Verified Complaint and part of the Summary Judgment Evidence before the Court, contains the *exact same language*, verbatim, as the quoted provisions from the respective portions of the mortgage in *Brindise*: Paragraph 20 of the Borrowers' mortgage permits transfer "without prior notice" from originating lender to Borrowers and goes on to state that it "can be sold one or more times without prior notice to" them as well. *Id.* (Quotes in original.) The *Brindise* Court observed in its concluding footnote that borrowers demonstrated no prejudice, the record reflecting years of non-payment, receipt of "the paragraph 22 letter", original Note filed with the Court and defense of suit. *Brindise v. U.S. Bank National Association, as Trustee, etc.*, 183 So.3d 1215, 1225, n.6 (Fla. 2nd DCA 2016).

### 6. *Sixth Affirmative Defense – Failure to Comply with Fla. Stat. § 702.015(4)*

The sixth defense claims a failure to comply with Fla. Stat. § 702.015(4). That section states: "If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all allonges to the note must be attached to the certification. The original note and the allonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note".

But 702.015(4) does not present a condition precedent to a foreclosure action or a basis for dismissal. *See Campbell v. Wells Fargo Bank, N.A.*, 2016 Fla. App. LEXIS 10377, *7, 41 Fla. L. Weekly D 1560 (Fla. 4th DCA July 6, 2016) (explaining this provision and Rule 1.115 do not call for mandatory dismissal and stating "[i]n fact, section 702.015(6) states that the court may sanction a plaintiff for failure to comply, which contradicts any argument that these are mandatory conditions precedent to suit or that the complaint must be dismissed for failure to comply, thus creating a mandatory, non-discretionary duty." (emphasis added)). Rather, it calls for the Court to consider an appropriate sanction in the context of the legislature's intent, which is to not delay foreclosure actions. The Defendants sets forth nothing that would show that this case has been delayed in any manner. This defense does not present a bar to summary judgment.

## CONCLUSION

The Plaintiff has affirmatively established that it is the owner and holder of the Note, that it has been the owner and holder of the Note since prior to the time this lawsuit was filed, that the

Defendants are indebted to the Plaintiff, and that the Plaintiff has the right to foreclose under Florida law. The Defendants have presented no countervailing evidence of any kind to rebut the Plaintiff's case. The have produced no proof of payment of the debt, and their defenses are legally and factually baseless. Thus, because there are no genuine issues as to any of the material facts, the Plaintiff is entitled to judgment as a matter of law.

Dated this ***2nd*** day of July, 2018.

CAMERON H.P. WHITE
Florida Bar No.: 0021343
cwhite@southmilhausen.com
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, Florida 32801
Telephone: (407) 539-1638
Facsimile: (407) 539-2679
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and furnished via electronic mail to David Van Loon (*Atty. for Wayne P. Masson and Charles J. Licis), david@hvl-law.com;* and via U.S. Mail to PNC Financial Services Group, Inc., One PNC Plaza, 249 Fifth Avenue, Pittsburg, PA 5222; and Any Unknown Tenant in Possession, 17213 Starfish Lane, Sugarloaf Key, FL 33042; this ***2nd*** day of July, 2018.

Cameron H.P. White