**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO.: 17-10093-CIV-OTAZO-REYES**

**CONSENT CASE**

NOTE CAPITAL GROUP VENTURES, LLC

Plaintiff,

v.

WAYNE P. MASSON, CHARLES J. LICIS, *et al*,

Defendants.
_______________________________________________/

**DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT AND ACCOMPANYING MEMORANDUM OF LAW**

Defendants, WAYNE P. MASSON and CHARLES J. LICIS (collectively referred to as "Masson and Licis"), by and through undersigned counsel, pursuant to Rule 56, Fed. R. Civ. P. and S.D. Fla. L.R. 56.1, respectfully request this Court to enter a final summary judgment against Plaintiff, Note Capital Group Ventures, LLC ("NCGV"), and in support, allege as follows:

**Legal Standard on a Motion for Summary Judgment**

Matters brought before this Court under diversity jurisdiction must apply the law of the statutory law of the state; as such, Chapter 702 of the Florida Statutes is applicable to this foreclosure action.

Summary judgment is appropriate when it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P.56(a).

> ..the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*See Celotex Corp. v. Catreet*, 477 U.S. 317, 322-23 (1986). The trial court must not "weight the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Krees & Co.*, 398 U.S. 144, 158 (1970).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**Claims Asserted Against Defendants Masson and Licas on which Summary Judgment is Sought**

This is an action filed by Note Capital Group Ventures, LLC ("NCGV") for recovery under a certain promissory note and foreclosure of a certain mortgage on real property located in Monroe County, Florida. NCGV has alleged by virtue of an assignment of mortgage and indorsement in blank that it is the owner and holder of the subject note and mortgage. (See D.E. 1 at page 4). In addition, NCGV has alleged that "all conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused." (See D.E. 1 at page 3). NCGV failed to attached any of the assignments to its complaint.

Defendants Wayne P. Masson and Charles J. Licis filed their Answer denying in part NCGV's claim that they are the owner and holder and also raised six Affirmative Defenses, namely, 1) lack of standing, 2) failure to satisfy or comply with all conditions precedent, 3) doctrine of unclean hands, 4) failure to join an indispensable party, 5) failure to comply with Fla. Stat. 559.715, and 6) failure to comply with Fla. Stat. 702.015(4).

For the reasons which follow, Masson and Licis seek the entry of an order granting their Motion for Summary Judgment as to all claims by NCGV.

## Factual Background

### "2012 Complaint"

This is the third attempt by a Lender to enforce the subject note and to foreclosure the mortgage on the subject property. On or about October 9, 2012, Plaintiff Newbury Place REO III, LLC ("Newbury") filed a Verified Complaint against Defendants Masson and Licis alleging Mortgage Foreclosure and Re-Establishment of Lost Note. A copy of the complaint is attached hereto, made a part hereof and marked as Exhibit "1" (hereinafter the "2012 Complaint").

The 2012 action was filed in the Circuit Court in and for Monroe County, Florida against, inter alia, Wayne P. Masson and Charles J. Licis. The style of the case was *Newbury Place REO III, LLC, v. Wayne P. Masson, Charles J. Licis, National City Bank, Unknown Tenant in Possession 1, Unknown Tenant in Possession 2, Unknown Spouse of Charles J. Licis, Unknown Spouse of Wayne P. Masson*, Case No. 2012-CA-1133-K.

Attached to the Verified 2012 Complaint as "Exhibit A" was an alleged "true and accurate" copy of the Fixed/Adjustable Rate Note and said copy only contained two indorsements on page 5 on the subject promissory note.

In addition to subject promissory note, the following Assignments of Mortgage were also attached to this Verified 2012 Complaint as "Exhibit C":

a. Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. to Newbury Place REO III, LLC; Signed: 09/08/2011; Effective: 09/22/2011;
b. Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Wachovia Mortgage Corporation to Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A.; Signed: 11/08/2011.

On or about December 10, 2012, Newbury filed a Notice of Filing the Allonge and Note Affidavit and Indemnification Agreement. A copy of the Notice of Filing is attached hereto, made a part hereof and marked as Exhibit "2." The Notice of Filing, contained an Allonge for the Purpose of Endorsement from Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. to Newbury Place REO III, LLC, undated, and a Note Affidavit and Indemnification Agreement from Wells Fargo Bank, N.A. to Newbury Place Ventures III, LLC, dated 11/08/2011.

On or about September 5, 2013, Defendants Masson and Licis filed an Amended Motion to Dismiss the 2012 Complaint for Failure to State a Cause of Action. The Amended Motion to Dismiss is attached hereto, made a part hereof and marked as Exhibit "3."

On or about October 29, 2013, the Court issued its Order on Defendants' Amended Motion to Dismiss, Granting Defendants' Motion, thereby dismissing the case without prejudice as to Defendants Masson and Licis. A copy of the Order is attached hereto, made a part hereof and marked as Exhibit "4."

On or about October 31, 2013, subsequent to the Court's dismissal of the 2012 Complaint, Newbury filed a Motion to Substitute Party Plaintiff, requesting Goshen Mortgage LLC be substituted for Newbury Place REO III, LLC. A copy of the Motion is attached hereto, made a part hereof and marked as Exhibit "5."

On or about November 7, 2013, Newbury filed an Amended Motion to Substitute Party Plaintiff to have GDBT I TRUST 2011-1 substituted for Newbury Place REO III, LLC. A copy of the Amended Motion is attached hereto, made a part hereof and marked as Exhibit "6." Both of Newbury's Motions to Substitute Party Plaintiff were denied by the Court.

On or about November 14, 2014, the Court issued an Order of Dismissal and Release of Lis Pendens as to the remaining Defendant, National City Bank and the case was closed. A copy of the Order is attached hereto, made a party hereof and marked as Exhibit "7."

**"2014 Complaint"**

On or about June 19, 2014, Plaintiff Note Capital Group Ventures, LLC ("NCGV") filed a Verified Complaint against Defendants Masson and Licis for an Action on Promissory Note

and an Action to Foreclose Mortgage (hereinafter the "2014 Complaint"). A copy of the 2014 Complaint is attached hereto, made a part hereof and marked as Exhibit "8."

The 2014 Complaint was filed in the Circuit Court in and for Monroe County, Florida against, inter alia, Wayne P. Masson and Charles J. Licis. The style of the case was *Note Capital Group Ventures, LLC, v. Wayne P. Masson; Charles J. Licis; together with any heirs, devisees, grantees, assignees, creditors, lienors, or trustees of said defendant(s), and all other persons claiming by, through, under or against defendants; National City Bank; and, any Unknown Tenant in Possession,* Case No. 2014-CA-596-K.

Attached to the Verified 2014 Complaint as "Exhibit A" was an alleged "true and accurate" copy of the Fixed/Adjustable Rate Note and said copy only contained two indorsements on page 5 of the subject promissory note.

In addition to the subject promissory note, the following Assignments of Mortgage were attached to this Verified 2014 Complaint as "Exhibit C":

a. Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Wachovia Mortgage Corporation to Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A.; Signed: 11/08/2011;
b. Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. to Newbury Place REO III, LLC; Signed: 09/08/2011; Effective: 09/22/2011;
c. Newbury Place REO III, LLC to Newbury Place Ventures III, LLC; Signed: 09/03/2013;
d. Newbury Place Ventures III, LLC to Goshen Mortgage LLC; Signed: 09/03/2013;

e. Goshen Mortgage, LLC to GDBT TRUST 2011-1; **Signed: 11/06/2013** (emphasis added by undersigned counsel);

f. Goshen Mortgage, LLC to Note Capital Group Ventures, LLC; **Signed: 02/28/2014.** (emphasis added by undersigned counsel)

In addition to these, there is a second Assignment of Mortgage from Goshen Mortgage, LLC to Note Capital Group Ventures, LLC **dated and signed 03/04/2014** that is recorded in the Public Records of Monroe County, Florida. A copy of this second Assignment is attached hereto, made a part hereof and marked as Exhibit "9."

On or about June 19, 2014, NCGV filed Plaintiff's Certification of Original Documents. A "correct copy" of the Fixed/Adjustable Rate Note was attached to the Certification of Original Documents as Exhibit A and said copy only contained two indorsements on page 5 of the subject promissory note. A copy of the Certification is attached hereto, made a part hereof and marked as Exhibit "10."

On or about February 4, 2015, NCGV filed its Notice of Filing *Original* Note and Mortgage. A copy of the original Fixed/Adjustable Rate Note was attached to the Notice of Filing Original Note and Mortgage, and there were *three* indorsements shown on page 5 of the subject promissory note, one of the previous indorsements having been marked as "cancelled." (emphasis added). A copy of the Notice of Filing is attached hereto, made a part hereof and marked as Exhibit "11."

A trial was held on May 18, 2016, on the 2014 Complaint. A copy of the trial transcript is attached hereto, made a part hereof and marked as Exhibit "12." On or about June 29, 2016,

the Court issued an Order of Dismissal and Cancellation of Lis Pendens. A copy of the Order of Dismissal is attached hereto, made a part hereto and marked as Exhibit “13.”

**“2017 Complaint”**

On or about December 12, 2017, NCGV filed its Complaint against Masson and Licis in the instant case (D.E. 1) and attached to the Complaint as Exhibit A is the Fixed/Adjustable Rate Note with only two indorsements on page 5 of the subject promissory note. No other assignments or chain of title were filed in this immediate action.

The “Original Note,” filed under penalties of perjury, has changed from the 2014 Complaint to this immediate foreclosure Complaint.

**Summary of Argument**

For the reasons set forth herein and based upon the authorities cited, NCGV 1.) lacks standing to enforce the subject promissory note and mortgage, 2.) are attempting to enforce a note that has been altered or changed and 3.) failed to comply with conditions precedent in bringing forth its claim. Despite the allegation that NCGV is the holder and owner of the subject note and mortgage, an analysis of the subject assignments will show that on or about September 3, 2013, Newbury Place Ventures III, LLC assigned its interest to Goshen Mortgage LLC; on or about November 6, 2013 Goshen Mortgage, LLC assigned its interest to GDBT TRUST 2011-1. On or about February 28, 2014, and March 4, 2014, subsequent to previously assigning its interest to GDBT Trust 2011-1, Goshen assigned its rights and interest (which have been previously assigned to another entity) to Note Capital Group Ventures, LLC. This break in the chain of the title or assignments was the exact reason NCGV dismissed its 2014 Complaint at the close of their case in chief at trial. (See Exhibit “12” page 90 attached hereto).

Furthermore, Defendants received notice that their mortgage was assigned to yet another entity or entities during this time, namely MCM Capital Homeowners' Advantage Trust and MCM Capital Homeowners' Advantage Trust IX. A copy of the letters that Plaintiff produced in its Response to Defendants' First Request for Production is attached hereto, made a part hereto and marked as Exhibit "14."

In addition, outside of the blanket allegation that it complied with all conditions precedent, there is no evidence presented by NCGV, whether as alleged in its complaint or through its responses to discovery, that it complied with the conditions precedent to the filing of this immediate complaint.

For these reasons, summary judgment against NCGV is appropriate.

**Conditions Precedent**

It is well established in Florida law that in order to establish standing in a foreclosure proceeding, a plaintiff must show that it held or owned the mortgage at the time the complaint was filed. This is done by submitting the original note bearing the indorsement to the plaintiff, an assignment from the payee, or an affidavit of ownership proving its status as holder. Here, NCGV failed to file anything that would establish standing to bring a claim of foreclosure because NCGV is not the true holder and owner of the note and mortgage. NCGV was never properly assigned the note and mortgage.

2018 Florida Statute 702.015(4) states:

> "If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which

> the possession was verified. Correct copies of the note and all allonges to the note must be attached to the certification. The original note and the allonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note."

A review of Plaintiff's Complaint in this matter as well as the docket, shows that Plaintiff failed to comply with Fla. Stat. 702.015(4) above.

The subject promissory note that is attached to Plaintiff's Complaint appears to be different than that of the original Note previously filed in the 2014 Complaint in the Circuit Court of the Sixteenth Judicial Circuit. In this instant case, Plaintiff has produced through discovery four copies of the "original note" that only have two indorsements on page 5 as opposed to the "original note" filed in the 2014 Complaint that has three indorsements on page 5. A copy of the four copies of the "original note" that Plaintiff produced in its Response to Defendants' First Request for Production is attached hereto, made a part hereto and marked as Exhibit "15."

Because a promissory note is a negotiable instrument, it is necessary to surrender the original note to remove it from the stream of commerce and prevent the negotiation of the note to another person. *See Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So.3d 58, 61 (Fla. 4th DCA 2012); *Perry v. Fairbank Capital Corp.*, 888 So.2d 725, 727 (Fla. 5th DCA 2004). In addition, "possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce it terms." *Clarke,* 87 So.3d at 61.

Defendants Masson and Licis believe and therefore aver that NCGV failed to comply with the requirements as set forth in Fla. Stat. 702.015(4) because Plaintiff has acted fraudulently and/or dishonestly about the nature or contents of the Fixed/Adjustable Rate Note at issue in this

instant case. Exhibit "A" to Plaintiff's Complaint in this case is a copy of the Fixed/Adjustable Rate Note with two indorsements on page 5 of the subject promissory note. The first indorsement is made by Wachovia Mortgage Corporation to Wachovia Bank, National Association. The second indorsement is made by Wachovia Bank, National Association and is a blank indorsement.

In the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, Case Number 2014-CA-596-K, (the "2014 Complaint") Plaintiff Note Capital Group Ventures, LLC filed a Notice of Filing Original Note and Mortgage on 02/04/2015. The copy of the Fixed/Adjustable Rate Note appears to be the same as the one attached as Exhibit "A" to Plaintiff's Complaint in this case; however, on page 5 of the document there are three indorsements. The first indorsement is made by Wachovia Mortgage Corporation to Wachovia Bank, National Association and is the same as presented in this instant case. The second indorsement, made by Wachovia Bank, National Association and that is a blank indorsement, is stamped "CANCELLED." There is also a third indorsement made by Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. and it is a blank indorsement. (See Exhibit "11" attached hereto). Despite the affirmation that the Note filed in the 2014 Complaint was the "original" of the subject promissory note, the copy of the subject promissory note now filed as a copy of the original promissory note is missing the third indorsement.

Therefore, either Plaintiff has presented a fraudulent note in the 2014 Circuit Court matter or is seeking to enforce an altered note in this matter. Based upon the filings in the 2014 Complaint and this immediate action, it appears Plaintiff is alleging that it is the owner of two different versions of the Fixed/Adjustable Rate Note and presenting each as the "original note."

In addition to the requirements as set forth above, NCGV was required to notify Masson and Licis if the mortgage was assigned to Plaintiff. As NCGV is not the proper party to sue upon the Note and Mortgage, it does not have the ability to send out a notice so therefore, Plaintiff failed to provide Defendants notice of the assignment as required by §559.715, Fla. Stat., which states:

> **..** however, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

**Standing**

To establish standing to foreclose on a mortgage and note, a plaintiff must demonstrate it is the owner of the note and mortgage and that it acquired such ownership prior to filing the action. *McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170 (Fla. 4th DCA 2012). Ownership may be proven by an "uncontradicted chain of self-authenticating assignment." *Bank of New York Trust Co. v. Rodgers*, 79 So.3d 108 (Fla. 3d DCA 2012). Here, Plaintiff has failed to demonstrate, outside of its statement of ownership, that it has standing to foreclose on this mortgage and note.

"The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder's representative. *See Gee v. U.S. Bank Nat'l Ass'n,* 72 So.3d 211, 213 (Fla. 5th DCA 2011). Thus, the party seeking to foreclose must present evidence that it holds the note and mortgage in question in order to proceed with its foreclosure action." *Richards v. HSBC Bank USA*, 91 So.3d 233, 234 (Fla. 5th DCA 2012). In the *Richards* case, the payee listed on the allonges to the note was inconsistent with the assignment and contradicted the allegations set for

in HSBC's complaint as to HSBC being the holder of the note. Here, the evidence suggests that GDBT TRUST 2011-1 is the true holder of the note and mortgage, not NCGV as stated in the complaint for foreclosure.

"The plaintiff must have the requisite standing when the foreclosure complaint is filed." *Lindsey v. Wells Fargo Bank, N.A.*, 139 So.3d 903, 906 (Fla. App. 1 Dist. 2013). NCGV claims to have had standing to bring a foreclosure action against the Defendants on an assignment of Note and Mortgage from Goshen Mortgage, LLC, however Goshen Mortgage LLC, had already assigned its rights and interest to GDBT TRUST 2011-1, therefore any assignment by Goshen Mortgage, LLC to NCGV is without merit.

NCGV's claim cannot be substantiated as nothing in the record supports it, outside of some self-serving statements by trial counsel for NCGV in the 2014 case, in which she stated in sum that based upon a phone call with her client, it appears that the Goshen Mortgage LLC assignment to GCDT Trust 2011-1 was done for purposes of a sale that did not go through, so they would like to reform that assignment and take it out of the chain of assignments. (See pages 90 through 94 of Exhibit "12").

In *Mazine v. M & I Bank*, the District Court of Appeal found that "in order to have standing to foreclose, it must be demonstrated that the plaintiff holds the mortgage and note in question." 67 So.3d 1129, 1132 (Fla.App. 1 Dist. 2011). There the court held that M & I Bank had failed to establish that "it possessed the standing to proceed in the foreclosure action," as "'M & I Marshall & Ilsley Bank' is shown as the holder of the note and mortgage," while the named plaintiff and appellee, M & I Bank, is not. *Id.* In the instant case, NCGV failed to offer any evidence or proof to validate the presumption that GDBT TRUST 2011-1 assigned the

subject note and mortgage to NCGV. Nothing in the record establishes that an assignment was executed and or recorded, and as such, NCGV never owned title to the note or mortgage and, therefore, is not entitled to enforce the same.

**Conclusion**

For these reasons, Defendants Wayne Masson and Charles Licas request that the Court enter an Order granting final summary judgment in their favor against Plaintiff and that the Court award such other relief as it deems proper.

Respectfully submitted this 2nd day of July, 2018.

**HIGHSMITH & VAN LOON, P.A.**
3158 Northside Drive
Key West, Florida 33040-8025
Tel: (305) 296-8851
Fax: (305) 296-8575

By: *s/ David Van Loon*_________
DAVID VAN LOON
*david@hvl-law.com*
*service@hvl-law.com*
Florida Bar No. 655074

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on July 2, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is begin served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/David Van Loon*
David Van Loon

# SERVICE LIST

***Note Capital Group Ventures, LLC v. Masson et al***
**Case No. 4:17-CV-10093-Martinez-Otazo-Reyes**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| South Milhausen, P.A.<br>Cameron H.P. White, Esquire<br>1000 Legion Place, Suite 1200<br>Orlando, Florida 32801<br>Telephone: (407) 539-1638<br>Facsimile: (407) 539-2679<br>cwhite@southmilhausen.com<br><br>*Counsel for Plaintiff*<br><br>**[Via CM/ECF]** | |