Electronically Filed 09/05/2013 04:30:46 PM ET

N THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT,
IN AND FOR MONROE COUNTY, FLORIDA

NEWBURY PLACE REO III, LLC,

Plaintiff, Case No.: 2012-CA-1133-K

v.

WAYNE P. MASSON, et al.,

Defendants.

_______________________________________/

**DEFENDANTS, WAYNE P. MASSON AND CHARLES J. LICIS', AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION**

The Defendants, WAYNE P. MASSON and CHARLES J. LICIS, by and through their undersigned counsel and pursuant to Fla.R.Civ.P. §1.140(b), files this as their Amended Motion to Dismiss for Failure to State a Cause of Action, and in support thereof states as follows:

**FACTS**

1. This is an action for foreclosure of residential real property owned by the Defendants.

2. The named Plaintiff is NEWBURY PLACE REO III, LLC, ("Plaintiff"). The Plaintiff initiated this action when it filed its two-count complaint on or about October 9, 2012.

3. A Motion to Dismiss was filed by the Defendants' former counsel on or about October 19, 2012.

4. The undersigned counsel was retained on or about August 14, 2013.

5. A stipulated motion and order will be filed with this Court, where the parties agreed to strike the first Motion to Dismiss and allow this Amended Motion to Dismiss to take its place.

6. Counts I and II of Plaintiff's pleading fail due to the defects described herein.



Exhibit "3"

## DEFECT I – LACK OF STANDING

4. Plaintiff alleges in paragraph four of its complaint, that it is entitled to "enforce" the note and mortgage as the holder of an instrument, a non-holder in possession of an instrument who has the rights of a holder, and/or a person not in possession of the instrument who is entitled to enforce the instrument.

5. Next, in paragraphs 16 and 18(b) of its complaint, Plaintiff alleges that it is the current **owner** of the note. Plaintiff's inconsistencies make it unclear whether it truly owns the note or rather is a holder with the rights to enforce.

6. As the nature of a foreclosure action is that of an *in rem* action, it is crucial that the one bringing such an action prove ownership as the claim for relief is predicated upon the Plaintiff being the true owner and holder of the subject note. See Verizzo v. Bank of New York, 28 So.3d 976, 978 (Fla. 2d. DCA 2010).

7. Either the Plaintiff must demonstrate that it is the owner **and** holder of the note or that it is entitled to enforce the note as a person not in possession, but not both as each are legally distinctive in their own rights.

8. As this contradiction fails to satisfy the requisite allegations of a mortgage foreclosure complaint as set forth by Fla. R. Civ. Pro. Form 1.944, Plaintiff has therefore failed to plead a cause of action upon which relief may be granted.

## DEFECT II – FAILURE TO PROPERLY VERIFY THE PLEADING

9. Plaintiff's complaint must be dismissed because it has failed to properly verify the complaint as required by Fla.R.Civ.P. §1.110(b).

10. More specifically, the verification is not by the named Plaintiff, but rather by an entity called "BSI Financial Services, Inc."

11. Plaintiff has filed to identify who "BSI Financial Services, Inc." is or its relationship to the named Plaintiff.

12. Moreover, Plaintiff has failed to allege any statement of ultimate fact that would establish the requisite elements of an agency relationship between itself and the party whom verified the complaint.

13. It is totally unclear how this party may take any action on behalf of Plaintiff.

14. Therefore, Plaintiff's complaint must be dismissed pursuant to Fla. R. Civ. P. 1.420(b) for failure to comply with the Florida Rules of Civil Procedure.

**DEFECT III – ERROR IN CHAIN OF TITLE**

15. Attached to Plaintiff's complaint are two different assignments of the mortgage. The first assignment was executed on September 8, 2011, and was between Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. to Plaintiff. The second assignment was executed exactly two months later on November 8, 2011, and was between Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Wachovia Mortgage Corporation (the original lender) to Wells Fargo Bank N.A., as successor by merger to Wachovia Bank, N.A.

16. Wachovia Bank, N.A. [the purported second mortgage holder] merged with Wells Fargo Bank on May 6, 2011. (See Exhibit "A" attached – 5/19/11 letter). The servicer of the loan at that time would have been Wells Fargo Home Mortgage, which is adduced by the fact that the letterhead on the 5/19/11 letter was from Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. The loan number referenced and the details of which would be known by a loan servicer.

17. If MERS is named as "nominee for Lender and Lender's successor and assigns," which it was in the Defendants' original mortgage with Wachovia Mortgage Corporation, then the

*first* assignment of the mortgage has to come from MERS to the entity assuming the rights to collecting and enforcing it.

18. As such, before Wells Fargo Bank could properly assign the mortgage, the interest had to be assigned to it, by the entity holding title to it, which was MERS. Meaning, the assignment executed in November was the original, **first** assignment in the chain of title, before it was assigned to Plaintiff. By recording the assignment at a later date, Plaintiff assumes this a correct interpretation of its belief that it has standing as the "last" entity to hold the rights to enforce it terms and conditions.

19. Moreover, there is no assignment of the mortgage from the original lender, Wachovia Mortgage Corporation to the second entity to acquire the rights to enforce it or, Wachovia Bank, N.A

20. The second and last endorsement in the chain stops after Wachovia Bank, N.A. endorses it in blank. (See Exhibit "C" of Plaintiff's complaint). The endorsement of the note would have had to happen before or in August of 2006, as the individual that signed both endorsements, Karen Davis, last worked for Wachovia Bank in August of 2006. (See Exhibit "B" attached – Karen Davis resume obtained from LinkedIn.) Between 2006 and 2011, the note presumably stayed with Wachovia Bank, until it merged with Wells Fargo in May, 2011.

21. There is no endorsement of the note to Plaintiff and Plaintiff is not in possession of it pursuant to Count II of Plaintiff's complaint. Additionally on or about October 28, 2011, a letter was sent to the Defendants that MCM Capital Homeowners Advantage Trust ("MCM") had purchased the subject loan from Wells Fargo Home Mortgage. (See Composite Exhibit "C" attached – 10/28/11 – BSI/MCM packet).

22. Over the next eight months, multiple letters were sent to the Defendants from the

new loan servicer BSI, which referenced MCM in one form or another as the owner of the loan. On November 7, 2011, Defendants received a letter that said the new owner of the loan was MCM Capital Homeowners' Advantage Trust IX ("MCM IX") and would still be serviced by BSI and that a record of the transfer of ownership was located at MCM IX's place of business or 7201 Wisconsin Avenue, Suite 725 Bethesda, MD. Next on November 28, 2011, the Defendants received a letter for MCM requesting that Defendants' flood and hazard insurance policy reflect it as the Mortgagee, with an effective date of October 28, 2011. On December 29, 2011, a letter requesting that Defendants name it/MCM as Mortgagee on the hazard insurance policy, also with an effective date of October 28, 2011. (See Composite Exhibit "D" attached).

23. On April 15, 2013 and May 28, 2013, two more letters were sent regarding the flood and hazard insurance policies, respectively. Both letters were from MCM IX and both were "second notice expired insurance" letters and both stated that MCM IX should be listed as the Mortgagee with an address in care of BSI Financial Services, Inc. (See Composite Exhibit E" attached).

24. Perhaps the most telling of all was a series of telephone calls made to Defendants by an individual named Steve Trowern. Mr. Trowern left several voice mail messages for Defendants, wherein he stated he was calling from MCM Capital and that he was an administrator to a trust that owns the loan on the house on Sugarloaf Key and was looking to "resolve the matter." Defendant immediately notified counsel for Plaintiff by separate letters dated 2/21/13 and 3/13/13 of Mr. Trowern's phone calls and indicated that an offer to settle the pending lawsuit should be in writing and on MCM Capital letterhead. (See Composite Exhibit "F" attached). A brief online search reveals that Mr. Steve Trowern is one of three partners with MCM Capital Partners, LLC which is located in Bethesda, MD. (See Exhibit "G" attached).

25. As it turns out, there are five (5) different versions of the MCM Capital Homeowners Advantage Trust and it is likely that MCM Capital Partners, LLC is responsible for administering them. (See Exhibit "H" attached). It is unknown what relationship, if any, Plaintiff has to MCM.

26. If Plaintiff cannot demonstrate that it acquired the note and mortgage via assignment or otherwise, its foreclosure action should be dismissed.

**DEFECT IV – LOST NOTE NOT REESTABLISHED**

27. Plaintiff has yet to file a Lost Note Affidavit. Instead, Plaintiff did file an "Allonge for the Purpose of Endorsement" and a "Note Affidavit and Indemnification Agreement."

28. The Allonge is not dated and was produced by Plaintiff after the filing of the instant action.

29. Furthermore, the "Note Affidavit and Indemnification Agreement" references an entity that is **not** the Plaintiff, but rather an entity called "Newbury Place Ventures III, L.L.C." (See Plaintiff's Notice of Filing the Allonge and Note Affidavit and Indemnification Agreement, dated 12/5/12).

30. Assuming the entity referenced in the Indemnification Agreement was in error, it was executed on the same day as that of the mortgage assignment from Wells Fargo Bank N.A., as successor by merger to Wachovia Bank, N.A. to Plaintiff, or September 8, 2011. Based on these filings, Plaintiff wants this Court to find that it is the holder of the note in addition to the fact that it was the last entity owning the mortgage rights by offering an assignment while executed on September 8, 2011, and not recorded until March 2012.

31. If Plaintiff cannot prove its ownership, the facts preventing it from producing the note and proof of its terms, then its count for reestablishment of the lost note should fail.

**Standard of Review**

32. The purpose of a motion to dismiss is to ascertain if the plaintiff has alleged a good cause of action." Connolly v. Sebeco, Inc., 89 So. 2d 482 (Fla. 1956).

33. In ruling on a defendant's motion to dismiss, a trial court is limited to the four corners of the Complaint, and it must accept all the allegations in the Complaint as true. See Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380, 383 (Fla. 2d DCA 2000).

34. Exhibits attached to a Complaint are a part of the Complaint. See Bott v. City of Marathon, 949 So.2d 295 (Fla. 3rd DCA 2007) ("when considering a motion to dismiss, a trial court is required to consider any exhibit attached to, or incorporated in the pleading"). See also Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3rd DCA 1971) (stating "[i]n considering a motion to dismiss the trial court was required to consider the exhibit . . . attached to and incorporated in the amended complaint" and quoting Florida Rule of Civil Procedure 1.130(b), providing that "[a]ny exhibit attached to a pleading shall be considered a part thereof"

35. Florida Rule of Civil Procedure §1.130(b) provides in pertinent part: "Any exhibit attached to a pleading shall be considered a part thereof for all purposes." Because the facts revealed by Plaintiff's exhibits are inconsistent with Plaintiff's allegations as to the ownership of the subject note and mortgage, those allegations are neutralized and Plaintiff's complaint is rendered objectionable. Greenwald v. Triple D Properties, Inc., 424 So. 2d 185, 187 (Fla. 4th DCA 1983).

36. Fla.R.Civ.P. §1.130(a) provides in pertinent part: "All bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made,

or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading."

37. When exhibits are inconsistent with the Plaintiff's allegations of material facts as to the real party in interest, such allegations cancel each other out. Fladell v. Palm Beach County Canvassing Board, 772 So.2d 1240 (Fla. 2000); Greenwald v. Triple D Properties, Inc., 424 So. 2d 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development Corp., 441 So.2d 1114 (Fla. 3rd DCA 1983).

38. Florida Rule of Civil Procedure §1.210(a) provides in pertinent part: "Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contact has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."

39. Because the exhibits attached to Plaintiff's complaint are inconsistent with Plaintiff's allegations as to ownership of the subject promissory note and mortgage, Plaintiff has failed to establish itself as the real party in interest and has failed to state a cause of action upon which relief can be granted by this Court.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

**I. Count I must be dismissed because Plaintiff has failed to plead its' standing to sue and is not the real party in interest.**

**a. Legal Standards**

40. In order to recover on a promissory note, the Plaintiff must prove:

(1) the existence of the note in question;

(2) that the party sued signed the note;

(3) that the Plaintiff is the owner and holder of the note in due course; and

(4) that a certain balance is due and owing on the note.

41. "Only those who have standing to be heard in the judicial proceeding may participate in it." Byrom v. Gallagher, 609 So. 2d 24, 26 (Fla. 1992).

42. Plaintiff must be the owner and holder of the note as of the date of filing suit. See Jeff-Ray Corp. v. Jacobsen, 566 So. 2d 885 (Fla. 4th DCA 1990); see also, WM Specialty Mortgage, LLC v. Salomon, 874 So. 2d 680, 682 (Fla. 4th DCA 2004).

43. "One who does not have ownership, possession, or the right to possession of the mortgage and the obligation secured by it, may not foreclosure the mortgage." 37 Fla. Jur. Mortgage and Deeds of Trust § 240, citing In re: Shelter Development Group, Inc., 50 B.R. 588 (Bankr. S.D. Fla. 1985).

44. "[T]he plaintiff must prove it had standing to foreclose when the complaint was filed." Vidal v. Liquidation Props., Inc., 104 So.3d 1274, 1276 (Fla. 4th DCA 2013), quoting McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So.3d 170, 173 (Fla. 4th DCA 2012).

45. As a general proposition, evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer, is required to prove that a party validly holds the note and mortgage it seeks to foreclosure. See Booker v. Sarasota, Inc., 707 So.2d 886, 889 (Fla. 1st DCA 1998).

46. The Plaintiff is not the real party in interest in this mortgage foreclosure action under Florida law, which clearly requires the plaintiff in a foreclosure action must own the note and mortgage in question in order to be entitled to maintain the action. Your Construction Center, Inc., v. Gross, 316 So.2d 596 (Fla. 4th DCA 1990) (citing Safeco Ins. Co. v. Ware, 401 So.2d 1129 (Fla. 4th DCA 1981) (dismissing complaint for failure of insurer to attach insurance policy).

**b. Argument**

47. "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So.3d 170, 173 (Fla. 4th DCA 2012).

48. Aside from the fact that the letters and phone calls Defendants have been receiving from an unrelated third party who claims to be the owner of their loan, the wrong entity is identified in the Note Affidavit and Indemnification Agreement, and that a MERS mortgage assignment took place two months *after* the assignment to Plaintiff: the Defendants weren't notified of the assignment of the mortgage debt to Plaintiff and its intent on enforcing and collecting said debt until October 4, 2012 – **five days** before the instant action was filed. (See Composite Exhibit "I" attached – 10/4/12 letters to each Defendant).

49. In any event, "[t]he Plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed". McLean quoting Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic, 913 S. 2d 1281, 1285 (Fla. 2d DCA 2005).

50. As MERS was the owner and holder of the mortgage as nominee for the original lender, Wachovia Mortgage Corporation, the first assignment of the mortgage had to come from MERS. Regardless of whether the mortgage assignment to Plaintiff was recorded after the second assignment [MERS to Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A.], "the mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered." McLean quoting Johns v. Gillian, 184 So. 140, 143 (Fla. 1938). Following this logic, it would appear on the surface that

Plaintiff had been assigned the mortgage on September 8, 2011, but does not explain how a second mortgage assignment came to be after the fact between MERS and Wells Fargo Bank.

51. Upon further investigation of letters received by Defendants from MCM as discussed above, it is revealed that BSI Financial Services, Inc. ("BSI") is a financial organization that services mortgage loans. Nowhere on the face of Plaintiff's complaint nor attached as an exhibit does Plaintiff make any attempt to explain who BSI is and why an individual from BSI verified the pleading. In fact if BSI is truly the mortgage loan servicer, then it would appear that MCM has owned the subject note and mortgage since October 28, 2011 (See Composite Exhibit "D" discussed *infra*) and that BSI has been servicing the mortgage loan for MCM since that time.

52. The only notification to Defendants that Plaintiff Newbury Place REO III, LLC was the purported owner of their loan was the letter from Plaintiff's counsel received five days before this action commenced. The requisite time being 30 days as per §559.175 Fla. Stat. (2013). The statute provides in pertinent part, " . . . the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."

**II. Count II must be dismissed because Plaintiff has failed to re-establish the lost note.**

**a. Legal Standards**

53. Proving the terms of the lost instrument is usually effectuated by a lost note affidavit.

54. The owner of a note is not required to have held possession of the note when the loss occurred to maintain an action against the mortgagor. Deaktor v. Menendez, 830 So. 2d 124, 126

(Fla. 3d DCA 2002). Further, plaintiff is not required to prove the circumstances of the loss or destruction of the note to seek enforcement. Id., at 127. Plaintiff must show only that it was entitled to enforce the note at the time of loss or that it has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred. § 673.3091(1)(a), Fla. Stat. (2010); MERS v. Badra, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008).

55. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. See Guerrero v. Chase Home Finance, LLC 83 So.3d 970, 973 (Fla. 3d. DCA 2012); §673.3091(2) Fla. Stat. (2012).

56. If plaintiff is not in possession of the original note and did not reestablish it, plaintiff cannot foreclose on the note and mortgage. §673.3091(1), Fla. Stat. (2012); Dasma Invest., LLC v. Realty Associates Fund III, L.P. 459 F. Supp 2d. 1294 (S.D. Fla. 2006).

**b. Argument**

57. As discussed earlier, Plaintiff has not filed a Lost Note Affidavit but rather relies on an allonge it filed with this Court on or about December 5, 2012.

58. With regard to the allonge filed by Plaintiff two months after the filing of this action, there is no indication that it was a permanent part of the note. The U.C.C. and Chapter 673 of the Florida Statutes are silent with respect to allonges, "an allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof." Booker v. Sarasota, Inc.. 707 So. 2d 886 (Fla. 1st DCA 1998). Furthermore, while "Florida's Uniform Commercial Code does not specifically mention an

allonge, [the Code] notes that 'for purposes of determining whether a signature is made on an instrument, a paper affixed to the instrument is made part of the instrument." Fla. Stat. §673.2041(1) (2013)." Booker at 886.

59. Taking into consideration the appearance of an allonge post-filing and the barrage of letters and phone calls from an unrelated third party entity which is being serviced by the same entity (BSI) that is purportedly servicing the loan (and verified the complaint) for Plaintiff, leaves Plaintiff's standing as the real party in interest via the chain of mortgage assignments and note endorsements questionable at best.

60. When the authenticity of and authority to execute negotiable instruments is specifically denied in the pleadings, the burden is on the Plaintiff to prove the validity of the assignment. If the Plaintiff cannot do so, it also cannot assert that it is a holder in due course under §673.3081 Fla. Stat. (2012).

61. A "holder in due course" is a holder who takes an instrument without apparent evidence of forgery or alteration for value, in good faith, and without notice of certain claims and defenses. A party that claims it is a holder in due course has the burden to prove that status by a preponderance of the evidence. See Any Kind Checks Cashed, Inc., v. Talcott, 830 So.2d 160 (Fla. 4th 2002); §673.3081(2) Fla. Stat. (2012).

62. The Plaintiff's complaint fails to contain sufficient facts to establish who the Plaintiff is or the Plaintiff's relationship to the Defendants, or the Plaintiff's relationship or connection to the claim for foreclosure of a mortgage, including the failure to provide any documentation to supports its allegation that it is authorized to enforce the promissory note and mortgage. The Plaintiff does not allege it owns the note and cannot prove that it is authorized to enforce the note. As Plaintiff has failed to set forth the facts that establish it has standing and did

not hold or possess the note prior to the filing of the instant action, its foreclosure claim must fail.

**WHEREFORE,** the Defendants, WAYNE P. MASSON and CHARLES J. LICIS, respectfully request that this Honorable Court Grant their Motion to Dismiss for Failure to State a Cause of Action and award the Defendants reasonable attorney's fees and costs in connection with the filing of this Motion and any other relief this Court deems just, equitable and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by E-Mail to Stephanie A. Cagnet, Esq., McCalla Raymer, LLC, 110 S.E. 6th Street, Suite 2040, Ft. Lauderdale, FL 33301 (E-mail: sac@mccallaraymer.com) this 5th day of September, 2013.

Catherine P. Mueller
Florida Bar No. 62036
Law Offices of Samuel J. Kaufman
3130 Northside Drive
Key West, Florida 33040
Telephone: (305) 292-3926
Facsimile: (305) 295-7947
Email designation for service:
service.foreclosure@samkaufmanlaw.com

WELLS FARGO HOME MORTGAGE
RETURN MAIL OPERATIONS
PO BOX 10368
DES MOINES IA 50306-0368

05/19/11

1AT 00923/012609/001850 0046 2 ACNWYVIV018 708

WAYNE P MASSON
CHARLES J LICIS
17213 STARFISH LN E
SUGARLOAF KEY, FL 33042-3685

**Account Information**

| | |
|---|---|
| **Online:** | yourwellsfargomortgage.com |
| **Fax:** | (866) 278-1179 |
| **Telephone:** | (866) 234-8271 |
| **Correspondence:** | PO Box 10335<br>Des Moines, IA 50306 |
| **Hours of operation:** | Mon - Fri, 6 AM - 10 PM<br>Sat, 8 AM - 2 PM CT |
| **Loan number:** | 0003916998 |
| **Property address:** | 17213 E Starfish Lane<br>Sugarloaf Key FL 33042 |

Subject: Notice of transfer of your mortgage

Dear Wayne P Masson & Charles J Licis:

We're writing to provide you with important information about the transfer of ownership of your mortgage. Please be aware there is no action required of you.

**Understanding your mortgage transfer**
We are notifying you, as required by federal law, that as a result of the merger of Wachovia Mortgage Corporation with Wells Fargo Bank, N A, Wells Fargo Bank is now the owner of your mortgage. Please understand that these transfers are normal business practice, and they do not affect any of the terms of your mortgage.

**Important information about your new mortgage owner**
On May 6, 2011, your mortgage was transferred to Wells Fargo Bank, N A. We can be reached as follows:

Wells Fargo Bank, N A
P.O. Box 10335
Des Moines, IA 50306-0335
1-866-234-8271

Please note that if this transfer has been recorded, the recording location is the office of public land records or the recorder of deeds office for the county or local jurisdiction where the property is located.

**About your mortgage servicing**
This notice does not change the servicing of your mortgage. If your servicing is changing, you will receive or have already received a notice from your mortgage servicer.

EXHIBIT
A

**Account Information**

**Loan Number:** 0003916998

**Property Address:** 17213 E Starfish Lane
Sugarloaf Key FL 33042

If you need further assistance, please contact us. We're happy to have you as our customer and look forward to helping you with your financial needs.

Sincerely,

Leesa Whitt-Potter

Leesa Whitt-Potter
Senior Vice President
Wells Fargo Bank, N A

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N A © 2011 Wells Fargo Bank, N A. All rights reserved. Equal Housing Lender.
NMLSR ID 399801

Signed Note For Wachovia
was Employed by Wachovia Through [illegible]

# Karen Davis

Business Systems Consultant at Wells Fargo Home Mortgage


**Join LinkedIn and access Karen Davis's full profile.**

As a LinkedIn member, you'll join 175 million other professionals who are sharing connections, ideas, and opportunities. And it's free! You'll also be able to:

- See who you and Karen Davis know in common
- Get introduced to Karen Davis
- Contact Karen Davis directly

View Full Profile


## Karen Davis's Overview

AVP, Business Systems Consultant at Wells Fargo Home Mortgage/Wachovia Mortgage FSB
AVP, Operations Manager, Post Closing Management at Wachovia
AVP, Default Operations Manager, Loan Servicing at First Union
Default Reporting at Cameron Brown Company
see all

Strayer University (DC)
East Carolina University

83 connections

## Karen Davis' Experience

**AVP, Business Systems Consultant**
**Wells Fargo Home Mortgage/Wachovia Mortgage FSB**
Public Company, 10,001+ employees, WFC, Financial Services industry
September 2006 – Present (6 years 2 months)

**AVP, Operations Manager, Post Closing Management**
**Wachovia**
Public Company, 10,001+ employees, WFC, Financial Services industry
August 1998 – August 2006 (2 years 1 month)

**AVP, Default Operations Manager, Loan Servicing**
**First Union**
Public Company, 10,001+ employees, FTU, Banking industry
January 1986 – August 1998 (12 years 8 months)

**Default Reporting**
**Cameron Brown Company**
January 1985 – January 1986 (1 year 1 month)

**Credit Reporting Analyst**
**Equifax Services**
Public Company, 5001-10,000 employees, EFX, Financial Services industry
December 1982 – January 1985 (2 years 2 months)

## Karen Davis' Education

**Strayer University (DC)**
BBA, Business Management
2006 - 2010

**East Carolina University**
Accounting
1979 - 1982

## Karen Davis' Additional Information

Groups and Associations:

NC Real Estate Broker NC Notary Public

Ask a Mortgage Professional

Business Analyst Professional

First Union National Bank former employees

Mortgage Professional's World Wide (MPWW)

EXHIBIT
B

# MCM CAPITAL

Homeowners' Advantage

October 28, 2011

WAYNE MASSON
CHARLES LICIS
17213 STARFISH LN E
SUGARLOAF KEY,FL 33042-3665

**New Loan ID:** 3916998
Property Address: **219916998**
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

Dear WAYNE MASSON & CHARLES LICIS

MCM Capital Homeowners Advantage Trust ("MCM") purchased your loan and transferred the servicing of your loan from Wells Fargo Home Mortgage to BSI Financial Services, Inc. ("BSI") effective October 28, 2011. As the servicer of your loan, BSI Financial Services will be handling all phone calls, letters and other administrative tasks associated with your home loan.

We understand that you have experienced some difficulties in making your mortgage payments and may have attempted to work out a solution with your previous lender that was not successful. MCM is not a bank or mortgage lender; therefore we have unique programs *that were not previously available to you* that may help you quickly resolve your mortgage debt.

Included in this packet is a letter from BSI outlining your mortgage debt options. We will also have a BSI Account Executive contact you within the next few days to discuss these new programs that are available to qualified borrowers.

To encourage your participation in one of our special programs, we have enclosed a $50 gas card. In order to activate this card, please call a BSI Account Executive by October 28, 2011 at (866) 581-4498 to further discuss available programs.

**This is not a solicitation. MCM, as the holder of your loan, is sending this packet to discuss and highlight its various programs. MCM at its sole discretion may at any time revoke or cancel any or all of its seller incentive programs.** You should have already received a copy of MCM's privacy policy and a letter from Wells Fargo Home Mortgage dated October 12, 2011 notifying you of the sale/service transfer of your loan; however we have included a copy of each for your reference. If you have any questions regarding the service transfer of your loan, please contact our servicing partner, BSI at (866) 581-4498. We appreciate your time and your business.

Thank you.

Mike Niccolini
President

EXHIBIT
C

**Footnotes, Terms and Conditions**
Please be advised that BSI may be attempting to collect a debt and any information obtained may be used for that purpose. If you have previously received a discharge in bankruptcy this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. BSI may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Amount owed includes, but is not limited to, unpaid principal balance, accrued interest, late charges, recoverable advances

MCM CAPITAL

Homeowners' Advantage

MCM Capital Homeowners Advantage Trust
PRIVACY STATEMENT

MCM Capital Homeowners Advantage Trust, as the owner of your residential mortgage loan, is committed to protecting your privacy. To help you better understand how your personal information is protected, we are providing you with the following statement describing our policies with respect to customer information. Our privacy policy will continue to apply even in the event that we no longer own your loan.

**Categories of Information We May Collect and Disclose**

We maintain both public and non-public personal information about you from various sources. This information may include:

- **Identification Information** – information that identifies you, such as name, address, telephone number and Social Security number.
- **Application Information** – information you provide on applications and through other means with respect to products you request. Examples include assets, income and debt.
- **Transaction and Experience Information** – information about transactions and account experience, as well as information about our communications with you and your communications with the servicer of your loan. Examples include account balances, payment history, account usage.
- **Consumer Report Information** – information from a consumer report. Examples include credit score and credit history.
- **Information from Outside Sources** - information from outside sources regarding employment, credit and other relationships to determine if you are eligible for products you request. Examples include employment history, loan balances, credit card balances, property appraisals, property insurance coverage and other verifications.
- **Other General Information** – information from outside sources, such as data from public records.

**Disclosure of Information to Third Parties**

We do not disclose information about you except as required or permitted by law. Please note that we may disclose some information about you to companies that perform marketing services on our behalf or to other financial institutions, such as mortgage bankers, with whom we have joint marketing agreements to provide products and services that we do not offer. We are extremely selective in choosing and contracting with these parties and require them to adhere to privacy and security standards.

We also will release information about you when legally required to do so (i.e., in response to a subpoena or court order) or to prevent fraud

**The Security of Your Personal Information**

We understand that the protection of your non-public information is of the utmost importance and require agents to agree to maintain the confidentiality of your non-public personal information in accordance with applicable law. We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain physical, electronic and procedural safeguards to guard your nonpublic personal information.

**Maintaining the Accuracy of Your Information**

We contract with a third-party mortgage servicer, which ensures that you personal information is accurately recorded and maintained and that any inaccurate or incomplete information is corrected following verification that such information is inaccurate or incomplete.

If you have any reason to believe that your personal information is incorrect or if you have any questions regarding your residential mortgage loan and this privacy policy, please notify us at Privacy@MCMCAP.com

**Vermont Residents**

In order to comply with laws protecting Vermont residents we will automatically treat accounts with Vermont addresses on our records as if you have elected to opt out for both (1) sharing with and marketing to affiliated companies, and (2) sharing with non-affiliated companies. You are not required to return anything to Opt Out. You may change your options by contacting us at the telephone number or address shown on the Opt-In Notice attached.

**Changes to Our Policy**

We reserve the right to revise our policy as our business needs change or as the law requires. If we revise our policies, we will provide our active members with copies of our new policies at that time, which will replace this disclosure of our Policy

Wells Fargo Home Mortgage
1 Home Campus
Des Moines, IA 50328
(866) 234-8271

WELLS FARGO

October 12, 2011

WAYNE P MASSON
CHARLES J LICIS
17213 STARFISH LN E
SUGARLOAF KEY, FL 33042-3665

RE: WFHM Loan Number: 0003916998

Dear Valued Customer,

Effective October 28, 2011 the servicing of your mortgage loan is being transferred to BSI Financial Services, Inc. While the transfer of servicing is very common in today's mortgage banking industry, we recognize that it often raises a number of questions. We at Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., are here to answer your questions prior to the transfer and to do everything we can to ensure an easy transition.

The transfer of servicing of your mortgage loan does not affect any term or condition of your loan. A specific change you will see is that all payments made on or after October 28, 2011 must be made payable to BSI Financial Services, Inc and sent to their payment address listed below. Likewise, on and after October 28, 2011, you will need to direct your correspondence to BSI Financial Services, Inc at the address below:

| CORRESPONDENCE | PAYMENTS |
|---|---|
| BSI Financial Services, Inc. | BSI Financial Services, Inc. |
| 314 S Franklin St | PO Box 517 |
| Titusville, PA 16354 | Titusville, PA 16354 |

BSI Financial Services, Inc will provide you with a welcome letter. If you do not receive payment instructions from BSI Financial Services, Inc before your next payment is due, please write your loan number on your check or money order and mail it to BSI Financial Services, Inc at the address listed above. If your mortgage payments are automatically deducted from your bank account, this service will be discontinued as of the effective date. Please contact BSI Financial Services, Inc for information regarding their automatic mortgage payment programs.

If you currently carry optional products such as life, accidental death, and/or disability insurance, BSI Financial Services, Inc does not collect these premiums. Please contact your insurance carrier for payment information. If you participate in the Equity Enhancement Program (EEP), you must contact your new servicer in order to reinstate the program.

Wells Fargo Home Mortgage will furnish you with a statement in January 2012 reporting the amount of mortgage interest and real estate taxes that you paid during 2011 while Wells Fargo Home Mortgage serviced your loan.

If you have any questions about your loan or this transfer before October 28, 2011, please call Wells Fargo Home Mortgage's Customer Service Department toll free at (866) 234-8271, Monday through Friday, from 8:00 AM to 7:00 PM Central Standard Time.

If you have any questions concerning your loan after October 28, 2011, please contact BSI Financial Services, Inc's Customer Service Department at (866) 581-4498, Monday through Friday, from 8:00 AM to 5:00 PM Eastern Standard Time.

It has been a pleasure to serve you and we wish you a successful relationship with BSI Financial Services, Inc.

Sincerely,

*Leesa Whitt-Potter*

Leesa Whitt-Potter
Senior Vice President

BSI

WAYNE MASSON
CHARLES LICIS
17213 STARFISH LN E
SUGARLOAF KEY,FL 33042-3665

October 28, 2011

| | | |
|---|---|---|
| RE | LENDER Loan ID | 3916998 |
| | **New Loan ID:** | **219916998** |
| | Property Address: | 17213 STARFISH LN E<br>SUGARLOAF KEY FL 33042 |

Dear WAYNE MASSON & CHARLES LICIS

In this packet is a letter from MCM Capital Homeowners Advantage Trust ("MCM") explaining that MCM has purchased your loan and transferred the servicing of your loan from Wells Fargo Home Mortgage to BSI Financial Services, Inc. ("BSI") effective October 28, 2011.

As the new servicer of your loan, BSI will be your single point of contact to discuss options for your mortgage loan. You have been assigned an Account Executive to assist you with the management of your mortgage debt:

**Richelle Wagner, Account Executive, 866-581-4498 x7153,**
**rwagner@bsifinancial.com**

Richelle Wagner has reviewed your loan file and prepared some preliminary solutions:

- **Property Coordinated Short Sale:** By working with a BSI Account Executive on a preapproved coordinated sale of your property, we may be able to help you to increase your chances of receiving a sale offer that is acceptable to both you and MCM.

- **Deed-in-Lieu of Foreclosure:** If you do not intend to keep the property and your title is clear of other liens, we may be able to accept the deed to the property and forgive a portion of your mortgage debt.

- **Refinance:** If the property is your primary residence, you may qualify for the government refinance program that helps borrowers to eliminate negative equity positions and have new affordable monthly payments.

Additionally, if you are not interested in our special program listed above, BSI Financial Services, Inc. is also an approved HAMP servicer:

- **Home Affordable Modification Program:** For your convenience we have attached a letter from BSI explaining the government supported program. Contact your representative listed above if you want to learn more about this program and find out if you are eligible.

BSI Financial Services

Please review these options above and then complete the **Borrower Questionnaire** included in this packet of information. Then call **BSI at (866) 581-4498** to speak with Richelle Wagner or any available Account Executive to review your Borrower Questionnaire and then discuss which debt forgiveness program(s) best fit your specific financial situation and goals.

Thank you,

BSI Financial Services, Inc

Footnotes, Terms and Conditions. Please be advised that BSI may be attempting to collect a debt and any information obtained may be used for that purpose. If you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. [illegible] BSI may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. [illegible] State of Wisconsin.

BSI Financial Services, Inc.

## Borrower Questionnaire

BSI Financial Services has been retained to work with you, the mortgage holder, to find a solution for becoming current on your loan payments or paying off the balance of your mortgage loan. We are committed to serving you with care, answering your account questions, and helping you determine the right solution for your current financial situation.

We understand that you've given your information and loan history to several different representatives at your previous mortgage servicer, but we want to ensure that we have the most accurate, current information available. Please take a few moments to complete this questionnaire and then call us at (866) 581-4498 (Mon – Fri, 8:00am – 8:00pm EST) to discuss the options that are available to you.

1.) Please write down your most current contact information:

Phone ________________ Email ______________________

Alt Phone ________________ Address ______________________

City, State, Zip __________________

2.) Do you live in the house listed on the letter included in this packet? ☐ Yes ☐ No

If Yes, how long have you lived in the home? ____ Years

If No, do you currently have tenants living in the house? ☐ Yes ☐ No

3.) Do you intend to keep the house listed in the letter? ☐ Yes ☐ No

If Yes, what reasons are motivating you to keep the house? Check all that apply

☐ Neighborhood ☐ Kids/Schools ☐ Investment
☐ Equity in House ☐ Love the House ☐ Can't Afford to Move

If No, have you listed the property for sale? ☐ Yes ☐ No

4.) Could you check off and/or further explain the situation that caused you to fall behind in your mortgage payments?

☐ Loss of Job or Other Income ☐ Monthly Payment Increased ☐ Medical Issue
☐ Divorce or Loss of Roommate ☐ Other Unexpected Expenses ☐ Natural Disaster

Explain further ____________________________________________

__________________________________________________________

__________________________________________________________

5.) In the past, have you applied for a loan modification? ☐ Yes ☐ No

If Yes, check off those that you applied for ☐ Federal HAMP ☐ Private, from previous lender

What was the result of your application? ☐ Denied ☐ Approved ☐ Don't Know

6.) Have you declared bankruptcy? ☐ Yes ☐ No

7.) Do you know how much you currently owe on the house? ☐ Yes ☐ Maybe ☐ No
I think I owe $____________________

8.) Aside from your loan balance, do you know how much is required for you to become current on your mortgage loan? ☐ Yes ☐ Maybe ☐ No I think it would be $____________

9.) Please confirm your monthly mortgage payment? ______ per month

Are property taxes and house insurance included in that monthly payment? ☐ Yes ☐ No

If No, what are the monthly amounts of those? _______ Taxes _______ Insurance

10.) What is your current monthly income or annual salary? _______ per Month ________ per Year

11.) What do you think is the current market value of the home? $____________

12.) What type of options below have you tried or might be able to try, in order to come current on your loan and/or resolve your mortgage debt?

- ☐ Refinance the Loan with a Local Bank
- ☐ Drawn Upon Retirement Savings
- ☐ Sell Valuables, Jewelry, Gold, Stock
- ☐ Reverse Mortgage (over 62 only)
- ☐ Short Sale the House
- ☐ Obtain an Unsecured Loan
- ☐ Take a Second Job
- ☐ Borrow from a Relative or Friend

Please describe in more detail the options you might have that would allow you to resolve your current mortgage debt: ______________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Footnotes, Terms and Conditions
Please be advised that BSI may be attempting to collect a debt and any information obtained may be used for that purpose. If you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. All coordinated short sales are independently reviewed and vary depending on the loan balance, the property value, sales price (if applicable) and whether there are existing junior liens. Any additional mortgage, junior liens, HOA fees, taxes or other liens will need to be approved by the additional lien holder(s). MCM cannot dispense tax advice. Please consult a tax advisor and/or lawyer regarding any taxable and/or legal consequences associated with any of these programs. BSI may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Amount owed includes, but is not limited to, unpaid principal balance, accrued interest, late charges, recoverable advances. Disclaimer: Licensed as Servis One, Inc. in the State of Florida, licensed as BSI Financial Services in the State of Wisconsin.

# HELPING YOU STAY IN YOUR HOME.

MAKING HOME AFFORDABLE

*Act now to get the help you need!*

## Loan Servicing Center

314 South Franklin Street • P.O. Box 517 • Titusville, PA 16354

Dear Borrower

There is help available if you are having difficulty making your mortgage loan payments. You may be eligible for the Home Affordable Modification Program, part of the initiative announced by President Obama to help homeowners.

**As your mortgage loan servicer, we will work with you in an effort to make your mortgage payment affordable. You will not pay any fees to take advantage of this opportunity to modify your mortgage loan payment and keep your home. Now is the time to act. We are ready to help you.**

**Here's how it works:** We will first determine if you are eligible based on your situation. To conduct this evaluation, we need you to submit an Initial Package consisting of a Request for Modification and Affidavit form, an IRS Form 4506T-EZ or Form 4506-T, and documentary evidence of all income. You may obtain the Request for Modification and Affidavit form and the IRS Form 4506T-EZ or Form 4506-T from http://www.bsifinancial.com/hamp.html.

If you are eligible, we will look at your monthly income and housing costs, including any past due payments, and then determine an affordable mortgage payment.

At first, you will make new, affordable monthly payments on your mortgage loan during a trial period. If you make those payments successfully and fulfill all trial period conditions, we will permanently modify your mortgage loan.

The modification may involve some or all of the following changes to your mortgage loan: 1) Bringing your account current; 2) Reducing the interest rate on your loan; 3) Extending the term of the loan, and/or 4) delaying your repayment of a portion of the mortgage principal until the end of the loan term.

## STEP 1 GATHER THE INFO WE NEED TO HELP YOU

To take advantage of this opportunity and the Home Affordable Modification Program, contact us as soon as possible. To help speed the process it will be helpful if you have the following information when you call:

- Loan number
- Monthly pre-tax income of each borrower
- Information about any financial hardship you are suffering

If you do not qualify for a loan modification under this program, or do not want to stay in your home, we will work with you to explore other options available to help you keep your home or ease your transition to a new home.

## STEP 2 CONTACT US

We want to make modifying your mortgage loan as easy as possible. However, you must take the first step by contacting us at 866-851-4498. You may also write to us at 7201 Wisconsin Avenue Suite 725A, Bethesda, MD 20814. Be sure to include the information listed above.

Sincerely,

*Customer Service, Loss Mitigation Department*

The Making Home Affordable program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, [illegible] your mortgage servicer and the Federal Government are working together to offer you options to help you stay in your home.

**IMPORTANT NOTICE** We want to help you avoid foreclosure scams

## Beware of Foreclosure Rescue Scams. Help is free!

- There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.
  - For a HUD-approved counselor, visit: http://www.hud.gov/offices/hsg/sfh/hcc/fc/
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

### *What Does BSI Do?*

BSI Financial Services acts as an agent for mortgage holders, collecting and distributing payments from borrowers and handling defaults, modifications, settlements, and foreclosure proceedings.

Our role is to work with you, the mortgage holder, to find a solution for becoming current on your loan payments or paying off the balance of your mortgage loan. We are committed to serving you with care, answering your account questions, and helping you determine the right solution for your current financial situation.





### *What Types of Programs Does BSI Offer?*

BSI Financial Services is empowered by the owner of your mortgage loan to work closely with you towards a solution to resolve your unpaid mortgage debt. Solutions vary widely based on your specific situation, but some common programs include:

- Debt Forgiveness
- Property Coordinated Sale
- Deed-in-Lieu of Foreclosure
- Refinance
- Cash Payoff

### *What is My Next Step?*

A BSI Account Executive will contact you via phone, latter or email to answer any questions that you may have about the current status of your mortgage loan and discuss any available programs designed to help your resolve issues with your account.

Included in this folder is a $50 gas card, our gift to your for contacting us immediately and discussing your available program options. In order to activate this card, you must speak with a BSI Account Executive within two weeks of receiving this packet of information.

Call us immediately at:
BSI Financial Services, Inc.
8:00 am – 8:00 pm EST Mon - Fri
(866) 581-4498 or
BSI@MCMCAP.com



TO REUSE: Cover or mark through any previous shipping information

BILL SENDER

WAYNE MASSON
CHARLES LICIS
17213 STARFISH LN E

SUGARLOAF KEY FL 33042-3665

FedEx
Express

E

TUE - 01 NOV AM
4936 7539 6340 STANDARD OVERNIGHT

XH EYWA

33042
FL-US FLL



MCM CAPITAL

314 S. Franklin Street
PO Box 517 Titusville, PA 16354
1-866-581-4498 814-217-1366 (e-fax)

11-7-11

11-17

WAYNE MASSON
CHARLES LICIS
17213 Starfish Ln E
Sugarloaf Key FL 33042

**Notice of Assignment, Sale or Transfer of Servicing Rights**

New Account Number:219-916998-19
Current Principal Balance:$ 659029.22
Current Escrow Balance $0.00
Next Due Date: 11 1 2010
Total Payment:$ 3034.16

Old Account Number: 3916998

Property Address:17213 E Starfish Ln
Sugarloaf Key FL 33042

You are hereby notified that the servicing of your loan, that is, the right to collect payment from you, is being transferred to BSI Financial Services.

The assignment, sale or transfer of the servicing of your loan does not affect any term or condition of the loan documents or mortgage instruments, other than the terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your previous servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you a notice not later than 15 days after the effective date of the transfer or at closing.

Your loan was previously serviced by Wells Fargo Home Mortgage. If you have any questions relating to the transfer of servicing from your previous servicer, call their customer service at 1-866-234-8271, 8:00 a.m. - 7:00 p.m. CST Monday through Friday.

Your new servicer's correspondence and payment address is
BSI Financial Services, Inc.
P.O. Box 517
314 S. Franklin St
Titusville, PA 16354
1-866-581-4498

If you have any questions relating to the transfer of servicing to your new servicer, call 1-866-581-4498 between 8:00 a.m. and 8:00 p.m. (ET) Monday through Wednesday, and 8:00 a.m. and 6:00 p.m. (ET) on Thursday, 8:00 am and 5:00 p.m. on Friday, and 10:00 a.m. and 2:00 p.m. on Saturday.

**Effective October 28, 2011, Wells Fargo Home Mortgage, will not be accepting payments from you. Future payments must be sent to BSI Financial Services at the loan payment address listed above. If you are currently having your payments automatically withdrawn from your checking or savings account, they will stop that service on October 28, 2011. Please be sure to send a check to BSI Financial Services for your next payment.**

**If you elect to continue having your payment automatically withdrawn, BSI will be glad to set you up on our Automatic Withdrawal Program. Please call in and ask for an ACH representative.**

**You will be receiving a monthly invoice in the mail from BSI. Payment options available at BSI are Western Union, ACH monthly, ACH weekly, ACH biweekly, Pay by Phone, Regular mail, UPS, and Fed Ex.**

Disclaimer Licensed as Servis One, Inc. in the State of Florida
Licensed as BSI Financial Services in the State of Wisconsin

EXHIBIT
D

You should be aware of the following information, which is set forth in more detail in Section 131 of the Truth in Lending Act (TILA):

Please let this serve as your notification and our disclosure as to the identity of the new owner of your mortgage loan:

MCM Capital Homeowners' Advantage Trust IX
7201 Wisconsin Ave, Suite 725
Bethesda, MD 20814
877-777-0359

Please contact BSI Financial Services, Inc. at 1-866-327-7861 as we have authority to act on behalf of the new owner of your new loan.

The location of the place where the transfer of ownership of the debt is recorded is 7201 Wisconsin Ave, Suite 725 Bethesda, MD 20814.

<u>INSURANCE:</u> Please provide a copy of your insurance declaration page as proof of insurance to BSI Financial Services, Inc. For Escrow accounts, insurers need to send billing statements/invoices to BSI Financial Services, Inc.

**If you have received a discharge or have filed for relief in a Chapter 7 or Chapter 13 bankruptcy, please be advised that these notices are required by law; we are not attempting to collect the debt itself from you.**

You should also be aware of the following information, which is set forth in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reason for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to the above address for BSI Financial Services, Inc.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the servicer are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

BSI Financial Services, Inc.

# MCM Capital Homeowners' Advantage Trust

11/28/2011

12-3
2011

WAYNE MASSON
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

Loan Number: 219-916998-19
17213 E STARFISH LN
SUGARLOAF KEY FL 33042

Dear Customer.

Thank you for allowing **MCM Capital Homeowners' Advantage Trust** to assist you with your financial needs.

As of this date we do not have a record of hazard insurance that protects the above referenced property. It is a requirement of your loan agreement with us that insurance coverage be maintained on the mortgaged property for the life of the loan. This policy must name **MCM Capital Homeowners' Advantage Trust** as Mortgagee. Please have your insurance agent or (for the condominium association if applicable) to send proof of insurance to:

**MCM Capital Homeowners' Advantage**
**Trust**
**C/O BSI Financial Services, Inc.**
**ISAOA/ATIMA**
**PO BOX 702168**
**DALLAS TX 75370**

or if you prefer, you or your agent may fax the policy to 1-877-841-4973 or you can email it to ins@satisfymyinsurance.com. If your hazard insurance policy has been sent, please disregard this notice.

Please provide proof of insurance effective 10/28/2011 so that we have coverage for the date that your account was transferred to our office, the previous servicer did not provide this information.

If you have internet access, for your convenience, we have an online verification tool available for your use at https://www.satisfymyinsurance.com. Please use reference number 1135 and access code 4389#B35, to access the form. We will verify the information you have provided with your insurance company or agent and update our records.

Should you have questions about your insurance requirements, please call us at our toll free number 1-800-921-8046. Our office hours are Monday through Friday 8:30 a.m. to 5:00 p.m. Central Time.

Thank you for your cooperation.

Sincerely,
MCM Capital Homeowners' Advantage Trust
Insurance Department

[FN1135RHX1]

# MCM Capital Homeowners' Advantage Trust

11/28/2011

WAYNE MASSON
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

Loan Number: 219-916998-19
17213 E STARFISH LN
SUGARLOAF KEY FL 33042

Dear Customer,

Thank you for allowing MCM Capital Homeowners' Advantage Trust to assist you with your financial needs.

Because your property lies within a federally designated Special Flood Hazard Area, we are required to ensure that you maintain adequate flood insurance. As of this date we have not received a copy of your current flood policy for the property listed above.

We would appreciate you or your agent (or condominium association, if applicable) sending a copy of a certificate evidencing the purchase of flood coverage to the following address:

MCM Capital Homeowners' Advantage
Trust
C/O BSI Financial Services, Inc.
ISAOA/ATIMA
PO BOX 702168
DALLAS TX 75370

or if you prefer, you or your agent may fax us this information at 1-877-841-4973 or you can email it to ins@satisfymyinsurance.com.

Please provide proof of insurance effective 10/28/2011 so that we have coverage for the date that your account was transferred to our office, the previous servicer did not provide this information.

The evidence of insurance must include MCM Capital Homeowners' Advantage Trust as Mortgagee. Should you have any questions please call our insurance department at our toll free number 1-800-921-8046. Our office hours are Monday through Friday 8:30 a.m. to 5:00 p.m. Central Time.

If you have internet access, for your convenience, we have an online verification tool available for your use at https://www.satisfymyinsurance.com. Please use reference number 1135 and access code 4389#B35 to access the form. We will verify the information you have provided with your insurance company or agent and update our records.

We appreciate your business and thank you for your assistance with this matter.

Sincerely,
MCM Capital Homeowners' Advantage Trust
Insurance Department

{FN1135REX1}

# MCM Capital Homeowners' Advantage Trust

12/29/2011

1-3
2012

WAYNE MASSON
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

Loan Number: 219-916998-19
17213 E STARFISH LN
SUGARLOAF KEY FL 33042

Dear Customer,

Thank you for allowing **MCM Capital Homeowners' Advantage Trust** to assist you with your financial needs.

As of this date we do not have a record of hazard insurance that protects the above referenced property. It is a requirement of your loan agreement with us that insurance coverage be maintained on the mortgaged property for the life of the loan. This policy must name**MCM Capital Homeowners' Advantage Trust** as Mortgagee. Please have your insurance agent or (for the condominium association, if applicable) to send proof of insurance to:

**MCM Capital Homeowners' Advantage Trust**
**C/O BSI Financial Services, Inc.**
**ISAOA/ATIMA**
**PO BOX 702168**
**DALLAS TX 75370**

or to expedite this matter, you or your agent may fax the policy to 1-877-841-4973 or if you prefer, email it to ins@satisfymyinsurance.com. If you have internet access, for your convenience, we have an online verification tool available for your use at **https://www.satisfymyinsurance.com**. Please use reference number **1135** and access code **4389#B35**, to access the form. We will verify the information you have provided with your insurance company or agent and update our records.

Please provide proof of insurance effective 10/28/2011 so that we have coverage for the date that your account was transferred to our office, the previous servicer did not provide this information.

If you or your insurance agent do not respond to this letter within 7 days from the date of this letter, MCM Capital Homeowners' Advantage Trust may elect to purchase protection on your behalf and the premium and all applicable finance charges will be added to your loan balance. The cost of this insurance may be higher than the cost of insurance purchased through your own agent. In addition, coverages may be limited in comparison to what your agent could provide.

If you have questions about your insurance requirements, please call us at our toll free number 1-800-921-8046. Our office hours are Monday through Friday 8:30 a.m. to 5:00 p.m. Central Time.

BSI Financial Services is a debt collector, any information you provide to us may be used to collect a debt.

Thank you for your prompt attention to this matter.

Sincerely,
**MCM Capital Homeowners' Advantage Trust**
Insurance Department

Disclaimer: Licensed as Servis One, Inc in the state of Florida Licensed as BSI Financial Services in the state of Colorado Colorado Office 13111 East Briarwood Avenue, Suite 340, Centennial, CO 80112 (303)768-0200 North Carolina Collection Agency Permit Licensed as BSI Financial Services in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Hawaii Idaho, Indiana Iowa, Kansas, Louisiana, Maine, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina North Dakota Ohio, Oklahoma, Oregon, South Dakota, Tennessee, Utah, Vermont, Virginia,Washington, West Virginia, Wisconsin, and Wyoming Licensed as BSI Financial Services, Inc in Delaware, Illinois, Kentucky, Maryland, Michigan, Missouri, Mississippi, Nebraska, Nevada, Pennsylvania, Rhode Island, South Carolina and Texas

§ 4-22-13

**MCM Capital Homeowners' Advantage Trust IX**
**C/O BSI Financial Services, Inc.**
**P.O. Box 702168 Dallas, TX 75370**

WAYNE P MASSON
CHARLES J LICIS
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

04/15/2013
Loan Number: 219916998

Collateral Description:
17213 E STARFISH LN
SUGARLOAF KEY, FL 33042

Dear Customer,

As you know, you are required to maintain flood insurance on the property listed above. As of this date we have not received your renewal insurance policy or the policy has cancelled as of the date listed below:

**Last Day Covered: 04/15/2013**

If you have not already purchased flood insurance we urge you to contact your insurance agent, as in most cases your agent can provide coverage at the lowest cost available. If you have already purchased flood insurance we ask that you or your agent (or condominium association), if applicable send a copy of the policy to:

**MCM Capital Homeowners' Advantage Trust IX**
**C/O BSI Financial Services, Inc.**
**ISAOA/ATIMA**
**PO BOX 702168**
**DALLAS TX 75370**

or if you prefer, you or your agent may fax us this information at 1-877-841-4973 or you can email it to ins@satisfymyinsurance.com.

If you have internet access, for your convenience, we have an online verification tool available for your use at https://www.satisfymyinsurance.com. Please use reference number 1135 and access code 4389#B35, to access the form. We will verify the information you have provided with your insurance company or agent and update our records.

MCM Capital Homeowners' Advantage Trust IX should be listed as **Mortgagee**. Should you have any questions please call our insurance department at our toll free number 1-800-921-8046. Our office hours are Monday through Friday 8:00 a.m. to 5:00 p.m. Central Standard Time.

BSI Financial Services is a debt collector, any information you provide to us may be used to collect a debt.

We appreciate your business and thank you for your assistance with this matter.

Sincerely,
MCM Capital Homeowners' Advantage Trust IX
Insurance Department

[PLEASE SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT DISCLOSURES]

EXHIBIT
E

6/3/13

**MCM Capital Homeowners' Advantage Trust IX**
**C/O BSI Financial Services, Inc.**
**P.O. Box 702168 Dallas, TX 75370**

05/28/2013
**SECOND NOTICE**
**EXPIRED INSURANCE**
**Last Day Covered: 04/15/2013**

WAYNE P MASSON
CHARLES J LICIS
17213 STARFISH LN E
SUGARLOAF KEY FL 33042

Loan Number: 219916998
Collateral Description:
17213 E STARFISH LN
SUGARLOAF KEY, FL 33042

Dear Customer,

Please give this letter your full and immediate attention. We sent you prior notification that the insurance policy renewal was not received or is due to be cancelled as of the date listed above.

Please contact your insurance agent or (for the condominium association if applicable) to have your policy replaced, as maintaining valid hazard insurance is a requirement of your loan agreement. Please send current evidence of valid hazard insurance to:

**MCM Capital Homeowners' Advantage Trust IX**
**C/O BSI Financial Services, Inc. ISAOA/ATIMA**
**P.O. Box 702168 Dallas, TX 75370**

or if you prefer, you or your agent may fax us this information at 1-877-841-4973 or you can email it to ins@satisfymyinsurance.com. If you have internet access, for your convenience, we have an online verification tool available for your use at **https://www.satisfymyinsurance.com**. Please use reference number 1135 and access code 4389#B35, to access the form. We will verify the information you have provided with your insurance company or agent and update our records.

MCM Capital Homeowners' Advantage Trust IX should be listed as **Mortgagee**. Should you have any questions please call our insurance department toll free number 1-800-921-8046. Our office hours are Monday through Friday 8:00 a.m to 5:00 p.m. Central Time.

Notwithstanding anything herein to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case or you have received in that case a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

BSI Financial Services is a debt collector, any information you provide to us may be used to collect a debt.
We appreciate your business and thank you for your assistance with this matter.

Sincerely,
MCM Capital Homeowners' Advantage Trust IX
Insurance Department

[PLEASE SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT DISCLOSURES]

6/3/13

Disclaimer: Licensed as Servis One, Inc. in the state of Florida Licensed as BSI Financial Services in the state of Colorado. Colorado Office: 13111 East Briarwood Avenue, Suite 340, Centennial, CO 80112 (303)768-0200North Carolina Collection Agency Permit Licensed as BSI Financial Services in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. Licensed as BSI Financial Services, Inc. in Delaware, Illinois, Kentucky, Maryland, Michigan, Missouri, Mississippi, Nebraska, Nevada, Pennsylvania, Rhode Island, South Carolina and Texas.

[SN:135RH2]

6/3/13

3304236513

SENT 2/22/2013
USPS NORMAL SERVICE

To: Michelle A del Con, Esq.
McCalla Raymer
225 East Robinson Street, suite 660
Orlando, Fl 32801

From: Wayne Masson & Charles Licis
17213 Starfish Ln E
Sugarloaf Key, Fl 33042

Date: February 21, 2013

Re: Newbury Place REO III v. Masson et al, Monroe County, FL Case No. 2012 CA-1133-K

Dear Ms. del Con,

A third party (Mr. Steve Trowern) appears to have attempted to tender a settlement offer in the above referenced case. In order for any offer to be considered by us the offer must first meet all of the simple conditions as specified below:

The offer must only be mailed via USPS to us at our home address as captioned above. The offer must be written on MCM Capital letterhead, and bear an original signature by Mr. Steve Trowern including his corporate title.

Additionally Mr. Trowern must include with any written offer an affidavit stating that Newbury Place REO III is in fact lawfully organized as a Delaware Statutory Trust and the affidavit must further state that in fact Mr. Trowern under the separately governed MCM Capital is lawfully acting *solely* in the capacity as a lawfully appointed trustee/ administrator on behalf of the *members* of Newbury Place REO III, a Delaware Statutory Trust. Mr. Trowern must state that he is in fact neither a principle of Newbury Place REO III nor in any way affiliated with Newbury Place REO III apart from acting as its lawfully appointed trustee/administrator under the separately governed MCM Capital Corporation. Mr. Trowern must state that he has personally verified that the organizing documents for Newbury Place REO III, a Delaware Statutory Trust, explicitly and lawfully allow to be placed into the trust non-original notes and/or defaulted notes by the trusts' administrator (or other party) and that the trust allows lawfully challenged notes/ mortgages to remain in the trust upon timely notification.

In addition, separately, we require a letter mailed via USPS only to us at our above captioned home address from Michelle A del Con written on McCalla Raymer letter head stating that Ms. del Con has herself personally verified that the plaintiff "Newbury Place REO III" is in fact organized as a Delaware Statutory Trust and that Mr. Trowern is in fact neither a principle of Newbury Place REO III nor in any way affiliated with Newbury Place REO III apart from acting as its lawfully appointed trustee/administrator under the separately governed MCM Capital Corporation and Mr. Trowern is acting

EXHIBIT
F

*solely* in such capacity on behalf of the *members* of Newbury Place REO III, a Delaware Statutory Trust. Ms. del Con must state that she has personally verified that the organizing documents for Newbury Place REO III explicitly and lawfully allow to be placed into the trust non-original notes, and/or defaulted notes by the trusts administrator (or other party) and that the trust allows lawfully challenged notes/ mortgages to remain in the trust upon timely notification. The letter must bear an original signature from Ms. del Con and include her title.

Mr. Trowern's offer will be deemed to be made in good faith only upon compliance with all requests as herein made.

I would like to remind you that as of the date of this letter the alleged debt under the above referenced case has not been verified by the plaintiff nor by the plaintiffs attorney. nor by any representative of the plaintiff.

*Note that this letter should in no way be construed as the solicitation of any offer, nor should it be construed as to be the sender's admission as to the existence of, or obligation under any debt or alleged debt. Except as to the responder's one-time compliance with the specific request(s) identified herein, the signatory's (senders) do not waive any rights under the Fair Debt Collection Practices Act or Florida equivalent statute or any state or federal law whether or not related to debt collection. Any compliance or attempted compliance with any/all request as herein identified is at the responders sole discretion and such responder should be aware that any request as herein identified by the senders should in no way be construed as the sender's authorization or expectation for the responder's violation of applicable law. This letter does not guarantee the senders' consideration or acceptance of any offer submitted by the responder.*

Sincerely,

W.M & C.L.

Cc: Jeff Barnes

Wayne Masson & Charles Licis
17213 Starfish Ln E
Sugarloaf Key, FL 33042



McCalla Raymer
Attn: Michelle A del Con, Esq.
225 East Robinson St
Suite 660
Orlando, FL ~~33042~~
32801

Copy of Sent Letter
3-15-2013
Sent: 7011 3500 0000 8176 4793
Certified
11:17:12 Am
Summerland Key
Post Office

To: Michelle A del Con, Esq.
McCalla Raymer
225 East Robinson Street, suite 660
Orlando, Fl 32801

From: Wayne Masson & Charles Licis
17213 Starfish Ln E
Sugarloaf Key, Fl 33042

Date: March 13, 2013

Re: Newbury Place REO III v. Masson et al, Monroe County, FL Case No. 2012-CA-1133-K

Via: USPS

Dear Ms. del Con,
On separate occasions in mid February Mr. Steve Trowern contacted the undersigned. In each case of contact Mr. Trowern left a lengthy voice mail message.

Firstly, such contact by Mr. Trowern may be in violation of the Fair Debt Collection Practices Act. Secondly, Mr. Trowern leveled accusations against Mr. Jeff Barnes, the undersigned's council retained in the above captioned complaint. An accusation made within one of the voicemails is of particular concern to the undersigned.

In fact, given the undersigned's understanding, the substance of the allegation made against Mr. Barnes by Mr. Trowern may necessitate an evaluation by federal law enforcement authorities (e.g. FBI).

*Were any meeting to occur* with the undersigned, federal agents may have an interest in evaluating Mr. Trowern's voicemails to determine whether Mr Trowern, by **never** identifying himself to the undersigned as the plaintiff (i.e. Newbury Place REO III an LLC) but rather acting in his capacity as third party trust administrator under MCM Capital Partners, may intentionally have mislead the undersigned in order to threaten the undesigned in an (ongoing) effort to dispossess the undersigned of (homesteaded) property on behalf of a trust, at a fraction of the property's value, thereby causing the undersigned, *as well as PNC Bank*, a significant loss of respective cash investment therein.

Considering Mr. Trowern's sudden and personal involvement, federal law enforcement agents may also wish to take a *close* look at Mr. Trowern's actions vis a vis the alleged financial instrument (i.e. alleged copy) which purportedly underlies the above captioned case.

Federal law enforcement may be interested in delineating between the differing entities (e.g. Newbury Place Ventures III, Newbury Place REO III, MCM Capital Partners, MCM

Capital Homeowner's Advantage Trust [?], MCM Capital Homeowner's advantage Trust *IX*, etc.) *each* of which entity Mr. Trowern appears to be either connected or a principle. Thereby federal agents may verify whether lawfully required (corporate) protocols were/ are maintained (e.g. adherence to trust law, U.C.C. law, maintaining fiduciary responsibilities etc.). *Federal agents may further wish to determine the adherence to such lawfully required protocols across the entire series of similarly structured "deals".*

Federal agents may also be interested in evaluating the assistance provided by any third party (incl. vendor) which assistance is instrumental in perpetuating the enterprise.

Despite a limited population the Key West area has assigned to it two on-site FBI agents.

Sincerely,

W.M & C.L

*Disclaimer: this communication should in no way be construed as the sender's admission as to the existence of, or obligation under, any debt, or alleged debt. In sending this communication the senders do not waive any rights under the Fair Debt Collection Practices act or similar Florida statute, nor do the senders waive any rights under any applicable law whether or not related to debt collection. Any response to this letter is at the responder's sole discretion and such responder is advised that the sender neither authorizes nor expects the responder to violate applicable law by undertaking a response.* ***Note: as of the date of this letter the "alleged debt" has not been verified by the plaintiff, nor by the plaintiffs attorney, nor by any representative of the plaintiff.***

SUMMERLAND KEY MPO
SUMMERLAND KEY, Florida
330429998
1158540201 -0097
03/15/2013 (305)745-3391 11:17:12 AM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| ORLANDO FL 32801 Zone-3 | | | $0.46 |
| First-Class Letter | | | |
| 0.40 oz. | | | |
| Expected Delivery: Mon 03/18/13 | | | |
| @@ Certified | | | $3.10 |
| Label #: 70113500000081764793 | | | |
| | | | ======== |
| Issue PVI: | | | $3.56 |
| Total: | | | $3.56 |

Paid by:
Debit Card $3.56
Account #: [redacted]
Approval #:
Transaction #: 139
23 903520807
Receipt#: 000160

@@ For tracking or inquiries go to USPS.com or call 1-800-222-1811.

Order stamps at usps.com/shop or call 1-800-Stamp24. Go to usps.com/clicknship to print shipping labels with postage. For other information call 1-800-ASK-USPS.
****************************************
****************************************
Get your mail when and where you want it with a secure Post Office Box. Sign up for a box online at usps.com/poboxes.
****************************************
****************************************

Bill#: 1000303178130
Clerk: 03

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
****************************************
****************************************
HELP US SERVE YOU BETTER

Go to: https://postalexperience.com/Pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
****************************************
****************************************

Customer Copy

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

7011 3500 0000 8176 4793

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Michelle A. Delaney, Esq - McCalla Raymer
Street, Apt. No.; or PO Box No.: 225 East Robinson St, Suite 660
City, State, ZIP+4: Orlando, FL 32801

PS Form 3800, August 2006 See Reverse for Instructions

# Steve Trowern

home map

Steve Trowern

Resources

Financial expert Steven Trowern designed his own unique major during his time at the University of Michigan studying international trade and finance, a field of study that later served him well as a Vice President at Lehman Brothers. At the time, Lehman was highly regarded as one of the world's best investment banking companies. As a Vice President, Steve Trowern served clients from New York and San Francisco, as well as London. He assisted with major international transactions, offering guidance on the sale of British company One2One, which was the largest transaction in the wireless industry to date at that time. Trowern also advised on the takeover of Telecom Italia. Additionally, he led recruitment efforts for Lehman at the University of Michigan and the Northwestern University Kellogg School of Management, his alma maters.

Today Steven Trowern is one of three Partners at MCM Capital Partners, LLC, a company that purchases and manages whole loan mortgages. The firm's operating philosophy focuses on asset value and arbitrage opportunities, seeking ways to gain from variances in credit markets and the underperformance of traditional mortgage servicing companies. As a Partner, Steven Trowern manages more than $1.3 billion in purchased mortgages and oversees more than 75 employees. Known as an expert in the field, he appears on panels and writes on issues related to the mortgage industry.

In addition to his work in the financial services industry, Steven Trowern devotes time to community service. He is one of the founding members of the 1601 Fund, a scholarship program that helps students in underserved areas of Detroit who want to attend the University of Michigan. Additionally, Steve Trowern sits on the Steering Committee of New Endeavors for Women, an organization that provides services and resources to women suffering from abuse who are seeking a new start. In his free time, he enjoys coaching youth soccer and playing in an adult league.

Steven Trowern on Zike

Steven Trowern | Wonky

Steven Trowern - WebberID

Steven Trowern's ProfessionalOntheWeb

home | map

© 2013 steven-trowern.com

EXHIBIT
G

Delaware.gov | Text Only     Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service
Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

Frequently Asked Questions

## General Information Name Search

* Required Field

* Entity Name: or File Number:

This field is not case sensitive.

Search

| FILE NUMBER | ENTITY NAME |
|---|---|
| 3645228 | MCM CAPITAL ADVISORS, LLC |
| 3716107 | MCM CAPITAL GP, LLC |
| 4856116 | MCM CAPITAL HOMEOWNERS ADVANTAGE TRUST VII |
| 4865891 | MCM CAPITAL HOMEOWNERS ADVANTAGE TRUST VIII |
| 4916162 | MCM CAPITAL HOMEOWNERS ADVANTAGE TRUST IX |
| 4983819 | MCM CAPITAL HOMEOWNERS ADVANTAGE TRUST X |
| 5074354 | MCM CAPITAL HOMEOWNERS ADVANTAGE TRUST XI |
| 2619891 | MCM CAPITAL, LLC |
| 3716105 | MCM CAPITAL, LP |
| 2947591 | MCM CAPITAL MANAGEMENT, LLC |
| 2998637 | MCM CAPITAL MANAGEMENT, LLC |
| 2961797 | MCM CAPITAL PARTNERS, LLC |
| 5085948 | MCM CAPITAL PARTNERS, LLC |

site map | about this site | contact us | translate | delaware.gov

EXHIBIT
H

Rec'd

# McCalla Raymer, LLC

225 East Robinson Street, Suite [illegible]
Orlando, FL 32801

Phone (407) 674-1850
Fax (321) 248-0420

[illegible] 2012

Wayne P Masson
17213 Starfish Lane E
Summerland Key, FL 33042

Re: Newbury Place REO III, LLC vs. WAYNE P. MASSON, et al
Our File No. 11-[illegible]-1
Lender: Newbury Place REO III, LLC

Dear Property Owner

This law firm represents the interest of your lender as named herein above regarding an alleged unpaid debt. If a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owners.

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692, AS AMENDED THE FOLLOWING WRITTEN NOTICE IS GIVEN TO YOU:**

1. The Plaintiff, Newbury Place REO III, LLC is the creditor to whom the debt is owed by those individuals who are obligated under the promissory note and mortgage.

2. The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this Notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

3. If the debtor notifies the creditor's law firm in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt, or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm. Collection efforts resulting in additional attorney fees and costs however, will continue during this 30 day period until this office receives the written request for verification.



EXHIBIT
I

RCVD

4. If the creditor named herein is not the original creditor, and if the debtor makes a written request to the creditor's law firm within 30 days of receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting in additional attorney fees and costs however, will continue during the 30 day period until this office receives the written request for the name and address of the original creditor.

5. You owe a total amount of $659,029.22 in certified funds. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your certified funds, in which event we will inform you before depositing the check for collection. For further information, please call (407) 674-1850.

6. Written requests pursuant to this notice should be addressed to the FORECLOSURE DEPARTMENT, McCalla Raymer, LLC, 225 E. Robinson St. Suite 660, Orlando, FL 32801.

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.

8. Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your validation rights, as set forth in this notice, shall not expire for thirty (30) days.

Sincerely,

Allyson Morgado

[illegible]
[illegible]

McCalla Raymer, LLC

225 East Robinson Street, Suite 660
Orlando, FL 32801

Phone: (407) 674-1850
Fax: (321) 248-0420

[illegible] 2012

Charles E Eiers
17243 Starfish Lane E
Summerland Key, FL 33042

Re: Newbury Place REO III, LLC vs. WAYNE P. MANSON, et al.
Our File No: 11-07995-1
Lender: Newbury Place REO III, LLC

Dear Property Owner:

This law firm represents the interest of your lender as named herein above regarding an alleged unpaid debt. If a federal bankruptcy action has been filed and a discharge entered, no deficiency or personal judgment will be sought, and an In Rem Judgment will be entered against you as the real property title owner.

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692, AS AMENDED THE FOLLOWING WRITTEN NOTICE IS GIVEN TO YOU:**

1. The Plaintiff, Newbury Place REO III, LLC, is the creditor to whom the debt is owed by those individuals who are obligated under the promissory note and mortgage.

2. The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this Notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

3. If the debtor notifies the creditor's law firm in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt, or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting in additional attorney fees and costs however, will continue during this 30 day period until this office receives the written request for verification.

4. If the creditor named herein is not the original creditor, and if the debtor makes a written request to the creditor's law firm within 30 days of receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting in additional attorney fees and costs however, will continue during this 30 day period until this office receives the written request for the name and address of the original creditor.

5. You owe a total amount of $659,029.22 in certified funds. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your certified funds, in which event we will inform you before depositing the check for collection. For further information, please call (407) 674-1850.

6. Written requests pursuant to this notice should be addressed to the FORECLOSURE DEPARTMENT, McCalla Raymer, LLC, 225 E. Robinson St. Suite 660, Orlando, FL 32801.

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.

8. Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your validation rights, as set forth in this notice shall not expire for thirty (30) days.

Sincerely,

Miriam Morgado

[illegible]

McCalla Raymer, LLC
225 E. Robinson St. Suite 660
Orlando, FL 32801

Sent Oct 4th
Stamped

Wayne P. Masson
17215 Starfish Lane F
Summerland KEY, FL 33042

McCalla Raymer, LLC
225 E. Robinson St. Suite 660
Orlando, FL 32801

Sent/Stamped Oct 4th

Charles J. Lewis
17215 Starfish Lane I
Summerland KEY, FL 33042