**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO: 17-10093-CIV-OTAZO-REYES**

**CONSENT CASE**

NOTE CAPITAL GROUP VENTURES, LLC,

Plaintiff,

vs.

WAYNE P. MASSON, et al.,

Defendants.
_______________________________________/

# AGREED/CONSENT FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE having come before the Court on the agreement of the parties, Note Capital Group Ventures, LLC ("Plaintiff"), and the Defendants Wayne P. Masson and Charles J. Licis (collectively, "Defendants") (collectively, "Parties"), and the Court being fully advised in the premises, it is hereby:

ADJUDGED that:

1. This Court has jurisdiction of this cause and the parties pursuant to Florida Statutes. Based on the agreement ("Agreement") of the Parties reached in open Court on Monday, October 29, 2018, and memorialized herein, the Court adopts the Agreement of the Parties.

2. Accordingly, an Agreed/Consent Final Judgment of Foreclosure is rendered in favor of Plaintiff, Note Capital Group Ventures, LLC. Plaintiff has surrendered the promissory Note to this Court. The promissory Note and Mortgage, held and owned by Note Capital Group Ventures, LLC, shall be canceled and merge into this Agreed/Consent Final Judgment of Foreclosure.

3. Plaintiff, Note Capital Group Ventures, LLC, c/o SN Servicing Corp., P.O. Box 660820, Dallas, TX 75266-0820, is due from Defendants, Wayne P. Masson and Charles J. Licis, the following amounts:

| | | | |
|---|---|---|---|
| a. | Principal | | $ 659,029.22 |
| b. | Interest to November 10, 2018 | | $ 110,666.13 |
| c. | Escrow Advances (Hazard Insurance) | | $ 67,651.74 |
| d. | Property Inspections | | $ 552.51 |
| e. | Late Charges | | $ 8,213.81 |
| f. | Attorney's Fees | | $ 87,885.53 |
| g. | Costs | | $ 8,802.81 |
| | | **Total** | **$ 942,801.75** |

Said total shall bear interest at the rate of 6.09 % per annum per year until satisfied in full.

4. Plaintiff holds a lien for the total sum in this Agreed/Consent Final Judgment of Foreclosure, which is superior and prior to the right, title interest, claims of lien, encumbrances and equities of the following Defendants Wayne P. Masson; Charles J. Licis; together with any, heirs, devisees, grantees, assignees, creditors, lienors, or trustees of said defendant(s), and all other persons claiming by, through, under or against defendants; and PNC Financial Services Group, Inc. on the following real property:

Lot 50, less the Northeast 5 feet (referred to previously as the Southeast 5 feet), Section B, SUGARLOAF SHORES, a subdivision of a part of Government Lot 1, 2, & 3, ail in Section 3, Township 67 South, Range 27 East, Sugarloaf Key, according to the Plat thereof, as recorded in Plat Book 2, Page 158, of the Public Records of Monroe County, Florida. Said 5 foot strip being more particular described as follows:

COMMENCE at the intersection of the Northeasterly right of way line of Sugarloaf Boulevard with the Northwesterly right of way line of Starfish Lane, said point also being the Southeasterly corner of the said Lot 50 and run thence Northeasterly along the Northwesterly right of way line of the said Starfish Lane for a distance of 115.00 feet to the point of beginning; thence continue Northeasterly along the Northwesterly right of way line of the said Starfish Lane for a distance of 5.00 feet to the Easterly corner of the said Lot 50; thence Northwesterly and at right angles along the Northeasterly boundary line of the Lot 50 for a distance of 116.07 feet to the Northerly corner of the said Lot 50; then Southwesterly and at right angles along the Northwesterly boundary line of the said Lot 50 for a distance of 5.00 feet; then Southeasterly and at right angles for a distance of 116.07 feet back to the point of beginning.

a/k/a 17213 Starfish Lane E, Sugarloaf Key, Florida, 33042-3665 ("Property")

5. If the total sum with interest at the rate described in paragraph 3 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale, ***no sooner than 90 days from the date of this Agreed/Consent Final Judgment,*** on February ______, 2019,

at _____:00 am/pm to the highest bidder for cash at the front door of the U.S. District Court, Key West Courthouse, 301 Simonton Street, Key West, Florida, in accordance with section 45.031, *Florida Statutes*.

6. In accordance with the agreement of the Parties, and on the condition Defendants provide Plaintiff with evidence of "final loan approval" prior to the sale date listed in paragraph 5, either through a refinance or sale to a third party, Plaintiff shall allow Defendants one (1) thirty-day (30) extension of the sale date listed in paragraph 5 to allow the Defendants the opportunity to satisfy the amounts due under this Agreed/Consent Final Judgment of Foreclosure, including any post-judgment attorney's fees and costs incurred by Plaintiff subsequent to the date of entry of this Agreed/Consent Final Judgment of Foreclosure.

7. Defendants agree to vacate the Property no later than the date stated in paragraph 5, or the extended date, if given, as identified in paragraph 6. Defendants agree to remove all their personal property from the Property and shall leave the Property in a clean condition, free of trash and debris and in good repair, ordinary wear and tear excepted. Further, Defendants agree all attached fixtures and appliances will remain, as installed, and all landscaping remains intact. Any personal items left by Defendants following the sale date listed in paragraph 5, or the extended date, if given, as identified in paragraph 6, in the Property at the time of surrender shall, without any further notice, action or agreement, become the property of Property.

8. In the event Defendants satisfy the amounts due under this Agreed/Consent Final Judgment of Foreclosure, including any post-judgment attorney's fees and costs incurred by Plaintiff, and payment is received by Plaintiff prior to the sale date listed in paragraph 5, Plaintiff shall, within 30 days following receipt and clearing of Defendants' funds, dismiss this action with prejudice and record such satisfaction of judgment in the Public Records of Monroe County, Florida.

9. Meanwhile, Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if the Plaintiff is not the purchaser of the Property for sale, provided, however, that the purchaser of the Property for sale shall be responsible for the documentary stamps payable

on the certificate of title. If Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

10. On filing the Certificate of Title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from the date of this judgment to the date of the sale; and by retaining any remaining amount pending the further Order of this court.

11. On filing the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any Defendant remains in possession of the property, the clerk shall not, without further Order of the court, issue forthwith a writ of possession upon request of the person named on the Certificate of Title.

12. The right of redemption of any Defendant is terminated upon the issuance of the Certificate of Sale by the clerk of court pursuant to the provisions of Section 45.0315, *Florida Statutes*.

13. As further consideration for Defendants to enter this Agreement, Plaintiff waives all rights to pursue a deficiency judgment against Defendants, should one exist following the foreclosure sale listed in paragraph 4 above.

14. The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession, for additional attorney's fees and costs, and a supplemental foreclosure action against any omitted parties, and to determine the amount of assessments due pursuant to Section 720.3085, *Florida Statutes*, if applicable.

**NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA.STAT.(2018)**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR MONROE COUNTY, TELEPHONE NUMBER (305) 295-3978, 500 WHITEHEAD STREET, KEY WEST, FL 33040, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT MONROE COUNTY LEGAL AID, 10720 CARRIBBEAN BLVD., SUITE 400, MIAMI, FL 33189, (877)715-7464 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT FLORIDA RURAL LEGAL SERVICE FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

DONE and ORDERED in Chambers at Miami, Florida this _____ day of November, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record